CHARLES R. EVANS *vs.* KATE L. STRACHAN–HANSCOM.

Suffolk.    January 28, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, LATHROP, & BARKER, JJ.

*Equity — Specific Performance — Law and Fact.*

Where an appeal is taken from a decree of a justice of the Superior Court dismissing a bill in equity, and there are no rulings of law or findings of fact by the justice making the decree, the only question for this court is whether such decree could properly have been entered upon any view which the presiding justice might have taken of the evidence.

Where a bill in equity was brought for the specific performance of a written agreement for the conveyance of real estate, the testimony showed that the agreement was signed by the defendant and placed by him in the hands of an intervening broker, by whom it was subsequently handed to the plaintiff, and the evidence upon the question whether the delivery of the agreement was authorized by the defendant was conflicting. The presiding justice made a decree dismissing the bill, and made no finding of fact or ruling of law. *Held,* that it could not be said as matter of law that upon the evidence the presiding justice properly could not enter a decree dismissing the bill with costs.

BILL IN EQUITY, for the specific performance of a written agreement to convey real estate. The case was heard in the Superior Court, by *Richardson,* J., who entered a decree dismissing the bill ; and the plaintiff appealed to this court. The material facts are stated in the opinion.

*W. D. Turner,* for the plaintiff.

*J. R. Murphy,* for the defendant.

BARKER, J. The plaintiff asks to have the defendant compelled to perform an agreement by which he alleges she was

to convey to him a parcel of land in exchange for his equity in another parcel. The case has been heard by a judge of the Superior Court; who has entered a decree dismissing the bill, and it comes here upon the plaintiff's appeal from that decree. The evidence was taken by a commissioner, whose report of the evidence is before us. There are no rulings of law or findings of fact. The question for decision is whether a decree dismissing the bill could properly have been entered upon any view which the presiding judge might have taken of the evidence.

The plaintiff is a real estate broker, as well as a dealer in real estate. The defendant is married to a second husband. The negotiations out of which the suit arises were carried on by another real estate broker, who has received a commission from the defendant, and who claims one from the plaintiff also; and at the hearing the plaintiff testified that he could pay the bill for the commission.

The plaintiff's counsel contends that the bill was dismissed upon the ground that the plaintiff knew when he brought the bill that the defendant could not give a good title to the land which she had contracted to convey, while the defendant chiefly relies upon the fact that the instrument which she signed was never delivered to the plaintiff.

There is nothing in the record to show to us what facts were found, or whether the decree was entered upon either of these grounds. The only evidence as to the value of the plaintiff's equity was to the effect that it was worth $5,000. There was considerable testimony as to the value of the land to be conveyed in exchange, and the highest price put upon it by any witness was $4,400, so that, upon the evidence, the failure of the defendant to perform her agreement, if she made one, was not pecuniarily disadvantageous to the plaintiff.

There is at least one view which the presiding judge may have taken of the evidence which would justify his decree dismissing the bill. The written agreement binding the defendant to the bargain was signed by her on a Saturday, and was then placed by her in the hands of the intervening broker, by whom it was handed to the plaintiff on the following Thursday. The defendant contended that it was not placed in the broker's hands for delivery to the plaintiff, and that she never authorized its de-

livery, and upon this point the evidence was conflicting. While the presiding judge might doubtless have found that the agreement was delivered under the defendant's authority, or that its delivery was subsequently ratified, such a finding is not the only reasonable one which can be made. The defendant testified that the broker came to her place about seven o'clock on Saturday evening and stayed until after nine, and that she told him that she preferred waiting until Tuesday until after her husband had signed, and that the broker told her to sign the paper that night; and that he would not give up the paper. This was wholly denied by the broker, and it is plain that either he or the defendant testified to an untrue account of what occurred when the agreement was signed by the defendant and was handed to the broker. Two other witnesses testified that they were present when the broker obtained the agreement from the defendant, and both gave testimony from which it may be found that the broker received the agreement upon terms which gave him no right to deliver it to the plaintiff without further authority from the defendant. It is true that the acts of the defendant at the registry of deeds favor the inference that she did authorize the delivery of the agreement; but, on the other hand, the defendant's own testimony as to what she said there tends to show that she there claimed that the broker had acted wrongfully in delivering the agreement to the plaintiff.

The presiding justice had the witnesses before him, and we cannot say that he was wrong in dismissing the bill.

*Decree affirmed.*