SARAH CLARE *vs.* HERBERT F. DOBLE & others.

Suffolk. March 22, 1907. — June 19, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Equity Pleading and Practice,* Appeal, Commissioner to take testimony, Exceptions. *Rules of Court. Equity Jurisdiction,* To reach and apply equitable assets.

At the hearing of a suit in equity to reach and apply in satisfaction of a debt due the plaintiff certificates of stock of the debtor in the hands of the defendant, there was evidence tending to show that the certificates were held by the defendant to secure the payment of notes of the debtor due a bank of which the defendant was president; there was also in evidence a letter from the defendant to the plaintiff saying that he was ready to deliver the certificates to the plaintiff provided the debtor gave him an order to do so, which letter the defendant explained by saying that it in part only stated the arrangement between himself and the plaintiff and the debtor, and that he was not to deliver the certificates except upon something being done by the plaintiff which was not done. The plaintiff contended that the letter of the defendant to him, taken in connection with other evidence, showed that the agreement by which the stock had been pledged in the hands of the defendant was entirely abrogated by the parties. The presiding judge found the agreement still to be in force and that the indebtedness which the certificates were intended to secure exceeded them in value, and dismissed the bill. The plaintiff appealed, and the evidence, having been taken by a commissioner, was all before this court. *Held,* that the appeal must be dismissed, the presiding judge not having been plainly wrong in finding as he did.

A commissioner appointed to take the testimony under Equity Rule 35 at the hearing of a suit in equity has no authority to report rulings of the judge, and, if he states such rulings in his report, this does not make them a part of the record.

At the hearing of a suit in equity, the evidence was taken by a commissioner appointed by the presiding judge under Equity Rule 35. There was a decree dismissing the bill and an appeal by the plaintiff to this court. The report of the commissioner showed that various exceptions to rulings of the presiding judge with regard to the admission of evidence were taken by the plaintiff, but there was no other mention of them in the record and the plaintiff filed no bill of exceptions. *Held*, that the exceptions as to admission of evidence were not before this court on the appeal.

BILL IN EQUITY filed in the Superior Court for the county of Suffolk January 10, 1906.

There was a hearing before *Fox*, J., and at the request of the plaintiff a commissioner was appointed to take the testimony under Equity Rule 35. The presiding judge made the following memorandum of findings:

"The single question of fact which appears to be in issue between the parties is, whether certificates of deposit of the face value of $7,500, payable to the order of H. F. Doble, are held by Allen as security for certain notes of E. H. Doble & Co., held by the Mount Vernon National Bank, of which Allen was the president and is now the liquidating agent.

"I find by the preponderance of the evidence that the certificates are so held; and, as the indebtedness so secured exceeds the value of the security, the result is that the bill must be dismissed."

The plaintiff appealed from a decree dismissing the bill. The material facts are stated in the opinion.

*F. W. Knowlton*, for the plaintiff.

*F. N. Nay*, for the Mount Vernon National Bank, one of the defendants, submitted a brief.

LORING, J. This is a bill to reach and apply in payment of a judgment in favor of the plaintiff against Herbert F. Doble three certificates of deposit in the hands of the defendant Allen alleged to be the property of Herbert F. Doble, the debtor and principal defendant.

There were two defendants in addition to Herbert F. Doble, the principal defendant, and Allen, the alleged holder of Herbert F.'s property, namely, the Mount Vernon National Bank, who claimed that it had a lien on the certificates for the payment of notes signed by E. H. Doble and Company, a firm consisting of Herbert F. and his father Enoch F., and Enoch F., who claims

that the certificates were held by Allen to secure the payment of the notes of the firm held by the Mount Vernon National Bank and that the firm was entitled to have them so applied.

The history of the matter is in substance as follows: In October, 1904, the plaintiff brought an action against the principal defendant and trusteed the Mount Vernon National Bank of which the defendant Allen was the president. The bank answered "No funds." The plaintiff was a stockholder and depositor in the bank. After the bank had answered "No funds," the plaintiff's husband called at the bank and asked what this answer meant. Allen told him that it might be well for him to serve him (Allen) with a trustee process. That was done. The plaintiff recovered judgment on May 1, 1905. Application was made upon Allen to satisfy the judgment. As a result of such application and some interviews the following letter was written by Allen's counsel to the plaintiff's counsel: "In regard to the matter of *Clare* v. *Doble et als.* and the Mt. Vernon Nat. Bank and John Allen, Trustees, I would say that Mr. Allen told me yesterday that he would turn over to you the property pledged to him by Mr. Doble, provided he, Doble, gives Mr. Allen an order authorizing him thus to do. This I understand Mr. Doble is willing to do, and as soon as I get this order I will let you know." Both Allen and Doble testified that these certificates were at that time held by Allen as security for notes signed by E. H. Doble and Company under an agreement previously made. The details of this evidence need not be stated since the judge below found that there was such an agreement and the plaintiff does not seek now to upset that finding. It is enough to say that Allen's explanation of the letter was that it did not state the whole arrangement but was the notification by Allen to the plaintiff's counsel of upshot of that arrangement. He testified in substance that the plaintiff's husband and Herbert F. Doble were interested in a company owning a large tract of land in Southern California. There were negotiations for the sale of this land. But the plaintiff and her husband refused to consent to the sale unless Doble paid the debt due to the plaintiff. That the sale, if it went through, would put Doble in funds to pay the notes of E. H. Doble and Company held by the bank. Allen, representing the bank, assented to giving up these cer-

tificates to Doble and the plaintiff if the plaintiff and her husband would let the land sale go through; and the plaintiff and her husband were willing to let the land sale go through if they got these certificates.

At the trial it was the contention of the plaintiff that Allen held these certificates for Doble from the beginning. The judge having decided against her on that ground, she now takes the position that that agreement had been waived before January 10, 1906, when the bill in this suit was filed.

She relies in this connection on the fact that Allen originally held seven certificates of $2,500 each, and that he had surrendered four of them to Doble before that date. She also relies upon the letter of June 20, 1905. Without going into the matter in detail, it is enough to say that Allen testified that when he surrendered four of the seven certificates of deposit held as security he thought it to be under all the circumstances for the interest of the bank so to do. The presiding judge must be taken to have believed him. So of the note of June 20, Allen testified that this was a letter as to a verbal arrangement and not a written contract covering all the matters agreed upon. If the judge believed Allen, the plaintiff's argument that it was a written contract modifying the earlier agreement was at an end. The judge did believe Allen.

The truth is that the position now taken by the plaintiff is nothing but a statement in another form of matters involved in the decision by the judge below. He does not seem to have been plainly wrong and therefore his finding stands. *Wentworth* v. *Woods Machine Co.* 163 Mass. 28. *Dickinson* v. *Todd*, 172 Mass. 183. *James* v. *Lewis*, 189 Mass. 134.

It appears from the report of the commissioner appointed to take the testimony that certain exceptions were taken to the admission of evidence. These have not been argued by the plaintiff. No bill of exceptions having been filed, the correctness of the rulings on the admission of evidence is not before the court on this appeal. A commissioner appointed to take evidence has no authority to report the rulings of the judge, and if he states such rulings in his report this does not make them a part of the record.

*Decree affirmed.*