JOHN J. HINES & another, administrators *de bonis non* with the will annexed, *vs.* LEVERS AND SARGENT COMPANY.

Essex.    January 12, 1917. — March 2, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Executor and Administrator. Equity Jurisdiction,* Implied trust, To recover money wrongfully paid by executor. *Corporation,* Charged with knowledge of its officers and agents. *Evidence,* Presumptions and burden of proof. *Attorney at Law.*

The executors of a will, who also are named as the trustees thereunder and have been appointed such trustees, continue to hold as executors the property of the testator in their hands until their accounts in the Probate Court whereby they are credited as executors with the amount of property turned over to themselves as trustees have been allowed by that court.

In the absence of authority given by the will of his testator or obtained under St. 1910, c. 411, the executor of a will has no right to continue as such executor a retail shoe business conducted by his testator, and, if he does so, he is bound to account personally to the administrator *de bonis non* with the will annexed of the estate of the testator for any losses incurred in carrying on the business.

Where the executor of a will, who without authority continued as such executor a shoe business in which his testator had been engaged, bought shoes from a corporation engaged in the manufacture of shoes, under such circumstances that the officers entrusted with the transaction of its business must or ought to have known that the payment for the shoes thus purchased was made from the general funds of the estate of the testator, the administrator *de bonis non* with the will annexed of the estate of the testator in a suit in equity against the corporation may recover the amount of money thus received by the defendant from the estate of the testator.

Where in such a suit there was evidence that the testator, who was a retail shoe dealer, at the time of his death was a customer of the defendant as a manufacturer of shoes, that the defendant's president, whose "duties consisted of selling and whatever would come up in the general routine of the business," knew of the death of the testator and of the appointment of the executor and opened with the executor an account of unlimited credit, selling him shoes for nearly a year which were charged to the testator's estate, after the president had been

told by the executor that he was running the business only as executor, it was *held*, that a finding was warranted that the defendant knew that the executor was carrying on the business of his testator, and conclusively must be presumed to have known the law that the executor, unless previously authorized to subject the estate to such hazards of trade, would alone be responsible for the payment of the indebtedness incurred.

Where a corporation employs counsel to conduct litigation in its behalf, the knowledge of the counsel in the matter in which he is employed is to be imputed to the corporation.

BILL IN EQUITY, filed in the Superior Court on June 10 and amended on September 20, 1916, by the administrators *de bonis non* with the will annexed of the estate of Peter Donnelly, late of Lynn, against the Levers and Sargent Company, a corporation having a usual place of business in Newburyport and engaged in the manufacture of shoes, to compel the defendant to pay to the plaintiffs a sum of money wrongfully received by the defendant on or about November 1, 1915, in payment for certain shoes purchased without authority by the former executors of the will of Peter Donnelly and paid for out of his estate.

The case was heard by *Hardy*, J. The evidence is described in the opinion. The judge made a final decree that the sum of $3,559.88 received by the defendant from the funds of the estate of Peter Donnelly was charged in its hands with a trust for the benefit of the administrators *de bonis non* with the will annexed of that estate and ordering the defendant to pay to such administrators that sum with interest from June 10, 1916, and costs taxed at $36.34. The defendant appealed.

St. 1910, c. 411, § 1, is as follows: "The Probate Court may, upon such notice as it considers reasonable, authorize an administrator or executor to continue the business of the deceased, for the benefit of his estate, for a period stated in the decree. Such period shall not extend more than one year beyond the final appointment and qualification of the administrator or executor."

*H. A. Bowen*, for the defendant.

*H. D. Linscott*, (*J. J. Doherty* with him,) for the plaintiffs.

BRALEY, J. The executors, although named in the will as trustees and duly appointed to the office, held no part of the estate throughout the period shown by the record in the latter capacity, because no account was ever settled in the court of probate wherein they were credited as executors with the amount they were to hold

as trustees.   *Daggett* v. *White,* 128 Mass. 398.   *Welch* v. *Boston,* 211 Mass. 178, 181.

And, not having been empowered by the will, or authorized under the St. of 1910, c. 411, or by agreement, as in *Howe* v. *Richardson,* 186 Mass. 259, between all the legatees and devisees, to continue the retail shoe business of the testator, their use for that purpose of the assets of the estate was a breach of their trust.   The resultant losses were a waste of the property, for which they and all who knowingly joined with them in the misappropriation are personally accountable to the plaintiffs in the bill as amended, who have been appointed administrators with the will annexed to settle the estate.   *Hall* v. *Cushing,* 9 Pick. 395, 404. *Tuttle* v. *First National Bank of Greenfield,* 187 Mass. 533.   *United Zinc Co.* v. *Harwood,* 216 Mass. 474, 476, and cases cited.

We assume that "all the material testimony" appearing in the record is properly before us under Equity Rule 35, and its perusal conclusively shows that the moneys received by the defendant in payment for merchandise sold to the executors came from funds of the estate.   While conceding under the authority of *Allen* v. *Puritan Trust Co.* 211 Mass. 409, 421, 422, that whoever receives property from a trustee, which is transferred or paid over in breach of his trust, himself becomes a trustee if he had notice of the trust or information which should have put him upon inquiry and which if followed up would have disclosed its existence, the defendant contends, that the evidence is insufficient to charge it with either knowledge, or notice of the conversion.

The memorandum of the presiding judge contains no special findings on this question.   But, as he incorporates by reference the plaintiffs' requests for rulings which were made with certain exceptions no longer material, it is manifest by the decree for the plaintiffs that he must have been convinced that the defendant knew or ought to have known that the payment was made with the general funds of the estate.   *Cohen* v. *Nagle,* 190 Mass. 4.   The question then is, "whether it can be said as matter of law upon the whole case that there is no view of the evidence that properly could have been taken which warranted the decree."   *James* v. *Lewis,* 189 Mass. 134, 135.   *Clare* v. *Doble,* 196 Mass. 91.

The defendant, a corporation, is of course chargeable with the knowledge and conduct of its officers entrusted with the trans-

action of its business as a manufacturer of shoes for the retail trade, as well as with notice of the entries on its books of account. *Allen* v. *Puritan Trust Co.* 211 Mass. 409. The uncontradicted evidence of the president, whose "duties consisted of selling and whatever would come up in the general routine of the business," shows that he knew of the death of the testator, who at his decease was a customer, and of the appointment of the executors, with whom an account of unlimited credit was opened, and to whom in the general course of business shoes were sold for nearly a year which were charged to the estate. It further appeared from the testimony of the testator's son and of one of the executors, that the president also was fully informed that the estate "consisted of some insurance money . . . two houses and the stores" and when referring to the business "I told him we were running it only as executors." The judge, unless he rejected this evidence, had ample proof that the defendant knew that the executors proposed to continue the business of the testator; and, ignorance of the law being no excuse, the defendant also must be held to have known that unless previously authorized to subject the estate to the usual hazards of trade, the executors alone would be responsible for the payment of the indebtedness incurred. *Broadway National Bank* v. *Adams,* 133 Mass. 170, 173, 174. *King* v. *Stowell,* 211 Mass. 246. *Allen* v. *Puritan Trust Co.* 211 Mass. 409. *Stearns* v. *Brookline,* 219 Mass. 238, 240.

The account having become overdue, a promissory note signed by the makers as "Executors of the estate of Peter Donnelly" was given in liquidation, and not having been paid after two renewals, the defendant retained counsel to enforce payment. A suit by trustee process followed, and the counsel for the respective parties in their testimony described at length the negotiations, which need not be reviewed further than to say, that on his own statements the counsel for the corporation must have become aware that the persons summoned as trustees owed the estate, but were not indebted to the executors personally. And that, after the money had been procured from the estate and the trustees discharged, the check of the counsel for the executors, payable to the order of the counsel for the corporation and given in settlement, bore upon its face the words "Donnelly estate." The knowledge of its representative is to be imputed to the corporation, and,

when the nature of the debt and the previous knowledge of the defendant are considered in connection with the transactions culminating in the delivery of the check, there was plenary evidence to warrant a finding that it knew or ought to have known the source from which the money had been derived. *Hewett* v. *Boston Straw Board Co.* 214 Mass. 260, 264, and cases cited. *Smith* v. *Ayer,* 101 U. S. 320. *Allen* v. *Puritan Trust Co.* 211 Mass. 409.

The decree should be affirmed with costs.

*Ordered accordingly.*