### JOHN KEOHANE'S (dependent's) CASE.

Suffolk.   January 7, 21, 1919. — March 27, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act,* Procedure, Employer.  *Practice, Civil,* Appeal.

On an appeal to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board awarding compensation to the dependent widow of a deceased employee, the judge of the Superior Court made the following order: "After hearing, I am satisfied that no contract of insurance existed at the time of the injury; that, in consequence, there was no jurisdiction in the accident board, and the motion for decree is denied." The dependent widow filed an appeal to this court from the order. *Held,* that the proceeding was irregular and that the Superior Court should have made a decree dismissing the claim; that the order of the judge was interlocutory and that there was no final decree from which the dependent widow of the deceased employee could appeal.

In the case above described the Industrial Accident Board in accordance with the order of the Superior Court found that they had no jurisdiction in the matter and dismissed the claim. The Superior Court made a decree affirming this decision, from which the claimant appealed. *Held,* that this appeal brought the claim properly before this court.

Where an employee of a subscriber under the workmen's compensation act is not injured during the lifetime of his employer, but, after the employer's death, the executrix of his will without authority continues his business for the benefit of his estate and employs the same workman in the business, who in the course of his employment is injured, there is no contract of insurance with the executrix, and the injured workman is not entitled to compensation under the act.

The provision of St. 1911, c. 751, Part V, § 2, cl. 1, that "'Employer' shall include the legal representative of a deceased employer" does not create a contract of insurance covering a new employment by an executor or administrator of a workman who was employed by the testator or intestate.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board awarding compensation to Julia Keohane, the alleged dependent widow of John J. Keohane, who was injured and killed on August

14, 1916, when in the employ of Ellen A. McCarthy, executrix of the will of Timothy J. McCarthy, who held at the time of his death a policy of workmen's compensation insurance issued by the Massachusetts Bonding and Insurance Company for a period of twelve months from March 3, 1916.

The case was heard by *Wait*, J., who made the order of February 11, 1918, which is quoted in the opinion. The alleged dependent widow of the deceased employee, who also was the administratrix of his estate, filed an appeal to this court from the order.

The further proceedings are described in the opinion. They resulted, as there stated, in a final decree that the claim of the alleged dependent widow and administratrix of the estate of the deceased employee be dismissed; and such widow and administratrix appealed.

The case was submitted on briefs.

*J. J. O'Hare & C. J. Muldoon, Jr.*, for the dependent widow.

*R. L. Mapplebeck*, for the insurer.

BRALEY, J. The intestate, John J. Keohane, a teamster, had been in the employ of one Timothy J. McCarthy, to whom under St. 1911, c. 751, as amended, the insurer issued a policy dated March 3, 1916, to run for one year, protecting him as a subscriber from liability on account of injuries or death sustained by his employees. But, McCarthy having died testate on June 15, 1916, his executrix, without being empowered by the will or authorized by a decree of the court of probate, continued after his death in the business for the benefit of the estate and retained Keohane as an employee. See St. 1910, c. 411, § 1; *Hines* v. *Levers & Sargent Co.* 226 Mass. 214.

The arbitration committee found that on August 14, 1916, Keohane received a personal injury in the course of and arising out of his employment "by being thrown from and run over by the team which he was employed to drive, and that he died on the same day as a result of the injury," and ordered the insurer to pay compensation to the administratrix in the amount stated in the record. St. 1911, c. 751, Part II, §§ 6, 13. The decision was filed on October 9, 1917, and, the insurer having failed within seven days thereafter to file a claim for review as required by St. 1911, c. 751, Part III, § 7, as amended, the Industrial Accident Board rightly decided on January 12, 1918, that it had no author-

ity to grant the insurer's motion for permission "to file late the claim for review."

The procedure thereafter was as follows: The insurer on January 21, 1918, presented to the Superior Court certified copies of the decision of the Industrial Accident Board and the findings of the arbitration committee and of all papers in connection therewith, stating that it intended to appeal to this court from the decision of the board. The administratrix, however, could not enforce the decision of the committee on arbitration except by a decree of the Superior Court and it is to be inferred, although the record does not so state specifically, that she presented and asked for the entry of the decree recited in the record. But the presiding judge on February 11, 1918, made an order on the above decree that "After hearing, I am satisfied that no contract of insurance existed at the time of the injury; that, in consequence, there was no jurisdiction in the accident board, and the motion . for decree is denied." The dependent widow on March 1, 1918, appealed to this court from the order.

The case thereafter was remitted to the Industrial Accident Board under an order, the material recitals of which are as follows: "And now comes the Massachusetts Bonding and Insurance Company, alleged insurer in the above entitled matter, and moves that the matter be dismissed for want of jurisdiction of the same by the Industrial Accident Board. . . . And a decree was presented to the court, upon which the following order was made, to wit: — After hearing, I am satisfed that no contract of insurance existed at the time of the injury; that, in consequence, there was no jurisdiction in the accident board, and the motion for decree is denied. . . . And on the 15th day of said February, 1918, after due hearing, the court ordered that said cause be remitted to the Industrial Accident Board for entrance of a finding that the board had no jurisdiction of the matter and the dismissal of the claim."

While the question, whether the case presented by the record was as matter of law within the statute, was before the court, the procedure adopted was irregular. The statute requires a final decree from which the party aggrieved can appeal to this court. *Gould's Case,* 215 Mass. 480, 483. *Pigeon's Case,* 216 Mass. 51, 54, 55. *Young* v. *Duncan,* 218 Mass. 346. *Cowden's Case,*

225 Mass. 66, 68. *Humphrey's Case*, 226 Mass. 143. *Brown's Case*, 228 Mass. 31, 38. *Dempsey's Case*, 230 Mass. 583. A mandatory order in the form shown by the record is not contemplated by the statute and a decree should have been entered dismissing the claim for reasons subsequently stated. *Brown's Case, supra.* See *Pattee* v. *Stetson*, 170 Mass. 93, 95. It is plain, notwithstanding the insurer's contention to the contrary, that the order should be treated as interlocutory, and that there was no final decree from which the administratrix could appeal.

The board upon receiving the order on March 11, 1918, decided on April 12, 1918, that "in accordance with the order of the Superior Court, the Industrial Accident Board find that they have no jurisdiction of the matter and dismiss the claim for compensation." The case thereupon again came before the Superior Court and, a final decree having been entered affirming the decision, the case is properly before us on the claimant's appeal. St. 1911, c. 751, Part III, § 11. *Gould's Case, supra.*

The decree must be affirmed. The contract of insurance was solely between the testator and the insurer. The company undertook by the terms of the policy to indemnify him personally as a subscriber, and, even if he died during the year, the policy cannot be extended to include claims for injuries suffered by the employees of the executrix who is an employer of labor in the business which she is personally conducting. *People's Ice Co.* v. *Employers' Liability Assurance Corp.* 161 Mass. 122. *Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452.

The administratrix, however, contends that under St. 1911, c. 751, Part V, § 2, cl. 1, which says that "employer" shall include the legal representative of a deceased employer, the executrix, being the legal representative of the testator, is covered by the policy. But the preceding words of this section are, that the following words and phrases as used in this act shall, unless a different meaning is plainly required by the context, have the meaning we have just quoted. The definition simply means that, in the construction of the act, an administrator or an executor, if an employer of labor, may become a subscriber, instead of remaining under the common law subject to the disadvantages imposed by the statute.

*Decree affirmed.*