LLOYD McCRACKEN'S CASE.

Suffolk.    December 5, 1924. — February 24, 1925.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Procedure: agreement as to compensation, recommittal to Industrial Accident Board, decree, appeal.

An employee of one insured under the workmen's compensation act, G. L. c. 152, after an injury, made with the insurer an agreement as to compensation under § 7 of the act, which was approved by the Industrial Accident Board about nine months later. Shortly after it was approved, the insurer ceased to make payments in accordance with its provisions and the employee filed a petition in the Superior Court under § 11 for a decree directing the insurer to perform. The insurer thereupon moved that the case be recommitted to the Industrial Accident Board for a hearing on the question whether the case was compensable, the motion was allowed and the employee appealed therefrom. Before

the Industrial Accident Board, the employee moved that the case be dismissed for want of jurisdiction in the board. The motion to dismiss was allowed by a single member of the board and the employee at once filed a new petition in the Superior Court reciting all the previous proceedings and praying for a decree for the enforcement of the agreement as to compensation. This petition was allowed and a final decree was entered accordingly, from which the insurer appealed. *Held*, that

(1) The order of the Superior Court recommitting the case to the Industrial Accident Board was interlocutory and took effect and was binding upon the board notwithstanding an appeal to this court;

(2) The order of the Superior Court recommitting the case to the Industrial Accident Board for a hearing on the merits was within the jurisdiction of that court;

(3) The parties having entered into an agreement under § 7 without fraud or mistake so far as the record disclosed, and the Industrial Accident Board having approved thereof, further inquiry as to the merits of liability of the insurer was at an end and the order of the Superior Court recommitting the case to the Industrial Accident Board was erroneous;

(4) The erroneous order of the Superior Court recommitting the case stood until it was vacated or reversed;

(5) The allowance of the petition for a final decree while the order for recommittal was pending and no hearing by the Industrial Accident Board had occurred, was erroneous since the case was not ripe for final decree;

(6) The order for recommittal was reversed;

(7) The final decree was reversed;

(8) *It was stated* that, unless other material factors had intervened, a final decree ought to be entered enforcing the terms of the agreement between the employer and the insurer.

PETITION, filed in the Superior Court on July 10, 1924, by Lloyd McCracken for the entry of a decree under the workmen's compensation act directing payment of compensation according to an agreement therefor between him as an employee of H. J. Heinz Company and the insurer for injuries described in the agreement as follows: "About 4 P.M. while walking along on the sidewalk passing the New Washington House in Salem, Mass., a cement ash tray fell from the third floor window striking me on the head."

Upon the filing of the petition, the insurer filed the motion for recommittal of the claim to the Industrial Accident Board described in the opinion, which was heard by *O'Connell*, J., and was allowed. The employee appealed. Proceedings upon this motion before the Industrial Accident Board are described in the opinion. A single member dismissed the

case for lack of jurisdiction on September 22, 1924, and on the same day the employee filed a new petition for a decree confirming the agreement and ordering payments in accordance with its provisions. This petition recited in detail all the previous proceedings in the case. It was heard by *McLaughlin*, J., and was allowed, and a final decree was entered in accordance therewith. From this final decree the insurer appealed.

*L. J. MacNab*, for the insurer.

*S. B. Horowitz*, for the claimant.

RUGG, C.J.   This is a case under the workmen's compensation act. G. L. c. 152. The employee and the insurer entered into an agreement as to compensation for a described injury sustained by the former in his employment, whereby the insurer undertook to pay the employee a stipulated amount weekly. The agreement related to an accident occurring on July 18, 1923, was dated September 25, 1923, and was approved by the board on June 12, 1924. All this was in conformity to § 7 of the act. On July 10, 1924, the employee filed in the Superior Court a petition under § 11 of the act for a decree and execution in accordance with the agreement, setting out that payment had been discontinued by the insurer since June 17, 1924, without justification. On July 30, 1924, the insurer filed in the Superior Court a motion that the matter be recommitted to the Industrial Accident Board for a hearing on the merits, to determine whether it was a compensable case and whether the employee was entitled to compensation under the act. The motion called attention to the fact that there had never been a hearing and a finding by the board on the evidence. The prayer of this petition and the order of the court entered the same day was that the matter be recommitted to the board for a hearing on the merits. On August 5, 1924, the employee appealed from this order. In the meanwhile, on July 10, 1924, a member of the Industrial Accident Board appointed under § 10 of the act, held a hearing. The employee made a motion that the board member dismiss the case for want of jurisdiction, because (1) the matter was pending before the Superior Court on petition for the issuance

of a decree in conformity to the agreement for compensation approved by the board, and (2) the only question open for consideration at that time was whether the employee was incapacitated for work as a result of the injury. That motion was granted. Manifestly that hearing was not in compliance with the order of the Superior Court of July 30, 1924. The decision of the single member, granting the motion of the employee, appears to have been filed on September 22, 1924, which was after the order of the Superior Court recommitting the matter to the board. That decision does not appear on this record to have been based on the notion that the employee's appeal from that order suspended its operation, although allegation to that effect was in the petition of September 22, 1924, to which reference presently will be made. That order was in the nature of an interlocutory decree, which took effect and was binding on the parties and on the board notwithstanding an appeal to this court. Such an appeal from an interlocutory matter cannot be entered in this court, except by report of the judge, until there is a final decree. *Hutchins* v. *Nickerson*, 212 Mass. 118, 120. *Churchill* v. *Churchill*, 239 Mass. 443, 445. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545.

On September 22, 1924, the employee filed a petition in the Superior Court setting forth the proceedings which we have narrated and praying for a decree for payments to be made in accordance with the original agreement between the parties. Final decree was entered in accordance with that petition on October 1, 1924. The insurer appealed from that decree.

The order of the Superior Court recommitting the case to the board for a hearing on the merits was within the jurisdiction of that court. The only way an agreement of the parties or a decision of the board as to compensation can be enforced is by a proceeding in the Superior Court. With respect to such proceeding the jurisdiction of that court is complete. That order was erroneous in law. When parties have entered into an agreement under the act and such agreement has been approved by the board, further inquiry as to the merits of the initial liability of the insurer is at an end,

in the absence of fraud ór mistake. That was settled by *Kareske's Case*, 250 Mass. 220, decided several months after the entry of that order of the Superior Court in the case at bar. An error of law by a judge in making a decision is not excess or lack of jurisdiction. *Goulis* v. *Judge of District Court*, 246 Mass. 1, 8, and cases there collected. The order recommitting the case to the board for a hearing on its merits, although contrary to the correct interpretation of the act as expounded in *Kareske's Case*, nevertheless was a valid order · because within the jurisdiction of the Superior Court. It was binding upon the parties. It was the law of the case. It stood until vacated or reversed.

The filing by the employee of the petition on September 22, 1924, was manifestly wrong. That petition showed on its face that that very matter already had been adjudicated by one judge of the Superior Court by ordering the case recommitted to the board for further hearing. It would be most unseemly for one judge to enter a decree diametrically opposed to a previous order entered in the same case on the same matter by one of his colleagues and not revoked or vacated. Presumably the final decree must have been founded on the idea that that previous order was pending in this court on appeal. But whatever may have been the reason, a final decree could not rightly have been entered while the previous order recommitting the case to the board stood unrevoked. There was nothing rightly before the judge for action at the time the final decree was entered. The case was not ripe for final decree.

The final decree is reversed. The order of July 30, 1924, recommitting the case to the board is reversed. The case is to stand for further hearing on the question of the form of decree to be entered. Unless other material factors have intervened, a final decree ought to be entered enforcing the terms of the agreement between the employee and the insurer of September 25, 1923.

*So ordered.*