ANTONIO PEREIRA'S CASE. February 2, 1943. Appeal dismissed. This is a workmen's compensation case. G. L. (Ter. Ed.) c. 152. The reviewing board adopted the findings of the single member that the employee received an injury, that he "is totally incapacitated for the work he was doing at the time of the injury and that he is unable to do the work offered to him at the

time of the hearing." The reviewing board ordered the insurer to pay the employee "total incapacity compensation weekly" at a stated rate "and continuing subject∙to the provisions" of the statute, fixed the sum so due up to the time of review by the board, and ordered the insurer to pay that sum forthwith. Certified copy of the decision of the reviewing board was presented to the Superior Court. G. L. (Ter. Ed.) c. 152, § 11. In the Superior Court a decree was entered that "it does not appear that the employee is totally disabled as a result of a personal injury he received on February 17, 1942, arising out of and in the course of his employment by the employer, and that it appears that he is partially disabled," and that the case "be and is hereby remanded to the Industrial Accident Board for said Board to determine the extent of the employee's partial incapacity and earning capacity based thereon, and to make appropriate orders." The employee appealed to this court. This appeal is not properly before this court and must be dismissed. Under the workmen's compensation law, as in equity procedure, only an appeal from a final decree of the Superior Court brings the case to this court. The decree appealed from was not a final decree. It made no final disposition of the employee's claim either by ordering it dismissed or by ordering payment to the employee of a fixed amount, one or the other of which orders is essential to a final decree, though the fact that the amount of weekly payments is subject to change in accordance with the provisions of the statute does not prevent a decree being a final decree. *Johnson's Case,* 242 Mass. 489, 493–495. The decree here in question, though determining that the employee was only partially incapacitated, ordered the case remanded to the Industrial Accident Board for further proceedings. Such a decree is not a final decree. *Keohane's Case,* 232 Mass. 487, 489–490.

The case was submitted on briefs.

*G. B. Goodman,* for the claimant.

*M. J. Aldrich & J. G. Leonard,* for the insurer.