Rose Alba Provost, administratrix, *vs.* Parmelia Bouthillier. December 4, 1953. Decree affirmed. This is an appeal by the respondent from a final-decree adjudicating that one savings account belonged to her and the other to the administratrix. Both accounts stood in the joint names of the respondent and the intestate. The latter furnished the entire sums represented by each account. The finding that one account was a gift to the respondent and the finding that the second was not are not inconsistent because there were material differences in the evidence respecting each account. Whether the intestate made a gift of either of the accounts was a question of fact. The finding of the judge that he made a gift of but one of them is not shown to be plainly wrong and must stand. *Colby* v. *Callahan*, 311 Mass. 727, 729. *Thompson* v. *Thompson*, 312 Mass. 245, 247. *Ball* v. *Forbes*, 314 Mass. 200, 204. *Drain* v. *Brookline Savings Bank*, 327 Mass. 435, 439.

*Samuel W. Ripa*, for the respondent.

*Ernest J. Quenneville*, for the petitioner, submitted a brief.

Mary M. Beane *vs.* Allen G. Bergstrom, administrator. December 4, 1953. Appeals dismissed. This is a suit in the Probate Court for a declaratory decree, G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, by which the petitioner seeks to establish her ownership in certain bank books, bank accounts, and an automobile. It was referred to a master who filed a report. It comes here upon appeals by the respondent from an order of the judge (1) denying his motion to confirm the report; (2) allowing a motion of the petitioner to discharge the reference to the master and reject his report; and (3) holding the suit for further hearing by the court or by another master, to be subsequently appointed. These appeals are not properly before us for the reason that "this court cannot be required to deal with cases in interlocutory stages, except where the trial judge has exercised his discretion to that end by reporting the action taken by him under G. L. (Ter. Ed.) c. 231, § 111, or in equity under G. L. (Ter. Ed.) c. 214, § 30. . . . In the absence of a report by the trial judge the proper course is to proceed in accordance with his orders until the case is ready for final disposition." *Rines* v. *Justices of the Superior Court, ante,* 368, 373, and cases cited. The respondent urges us to consider these appeals on the basis of *Slater* v. *Munroe*, 313 Mass. 538. But in that case for special reasons, at the request of the parties, the appeal was considered on the merits and it was expressly stated that such action was not intended to establish a precedent.

*James A. Reilly, (Harry J. O'Sullivan* with him,) for the respondent.

*I. Manuel Rubin, (Ovide V. Fortier* with him,) for the petitioner.