NAGEEB BATCHON'S CASE.

Suffolk.    February 6, 1956. — February 29, 1956.

Present: QUA, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Workmen's Compensation Act*, Appeal.

An appeal from an interlocutory decree of the Superior Court recommitting a workmen's compensation case to the Industrial Accident Board must be dismissed where it was entered in this court before the entry of a final decree in the Superior Court.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The insurer appealed from a decree entered by order of *Meagher, J.*

*John T. Foynes*, for the insurer.

*Robert D. Manning*, for the claimant.

WHITTEMORE, J. This is the insurer's appeal from a decree of the Superior Court recommitting the case to the Industrial Accident Board for a hearing. The board had ruled that the claim made was res judicata because it related to a period of disability and a heart condition theretofore "considered and passed upon by a single member, a reviewing board and the Superior Court," and had dismissed the claim without hearing the case. The employee contends that a new cause of the injury is alleged and that the prior finding and proceedings did not foreclose his showing that his admitted heart condition arose from a cause different from that specified when claim was previously made for the same injury.

We do not get to that point or to the issue of whether the decree appealed from was correct. That decree is interlocutory. ". . . [A]n appeal from an interlocutory matter cannot be entered in this court, except by report of the judge, until there is a final decree." *McCracken's Case*, 251 Mass. 347, 350. *Pereira's Case*, 313 Mass. 774. *Keohane's Case*, 232 Mass. 487. See *Gould's Case*, 215 Mass. 480; *Lopes's Case*, 277 Mass. 581; *Leffler* v. *Todd*, 308 Mass. 243; *Beane* v. *Bergstrom*, 330 Mass. 710.

In *Sciola's Case*, 236 Mass. 407, there was an appeal from an interlocutory decree of recommittal, but there, under the statute, there could be no appeal from a final decree because the certified copies of the proceedings before the board had not been entered in the Superior Court within the specified ten day period, and if an appeal had not been allowed from the erroneous decree of recommittal the aggrieved party would have had no right to review.

*Appeal dismissed.*