JOLEE LAPONIUS'S CASE. November 2, 1964. Appeal dismissed. The reviewing board, adopting the findings and decision of the single member, dismissed the claim for compensation. The self insurer appealed from a decree entered in the Superior Court recommitting the case to the Industrial Accident Board for more detailed findings of fact on the ground "that the finding of the single member of the [b]oard which was adopted by the [r]eview[ing b]oard was nothing more than a general naked finding, consisting of a categorical repetition of the statutory words governing compensability; that the record before this Court does not contain any findings of fact by which this Court can determine with reasonable certainty whether or not correct rules of law have been applied to facts which could properly be found . . . ." The medical testimony was in conflict, but the record is clear that the single member weighed it and concluded that she was "unable to find that claimant has sustained the burden of proving that her claimed disability is related to her employment with the insured . . . ." This amounted to a statement that the single member was not convinced by the evidence that causal connection existed. It is hard to see what additional subsidiary findings usefully could have been made. The findings should have been permitted to stand. *Di Clavio's Case,* 293 Mass. 259. *Gaszkowicz's Case,* 341 Mass. 727. *Hartman's Case,* 336 Mass. 508. However, the decree appealed from was not a final decree and hence the appeal is not properly before this court. *McCracken's Case,* 251 Mass. 347, 350. *Pereira's Case,* 313 Mass. 774. *Batchon's Case,* 333 Mass. 605. Cf. *Sciola's Case,* 236 Mass. 407, 415.

*Norman P. Beane, Jr.,* for the self insurer.
No argument or brief for the claimant.