PAUL WEBB'S (dependent's) CASE.

Suffolk. May 9, 1945. — June 4, 1945.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies; Procedure: decree. *Contract*, Of employment.

A decree of the Superior Court, entered in a workmen's compensation case upon certification of a decision of the Industrial Accident Board which denied compensation, and reading, "the findings and decision of the reviewing board be and hereby are affirmed," was erroneous in form: it should merely have provided that the claim was dismissed.

Injury and death of a messenger boy employed in an office on the third floor of a building, resulting from a fall from the roof of the building whither, while assigned no duties, he had climbed by the use of fire escapes, warrantably were found not to have arisen out of or in the course of his employment.

CERTIFICATION to the Superior Court, under the provisions of the workmen's compensation act, of a decision by the Industrial Accident Board.

The case was heard by *Pinanski*, J.

*E. H. Chayet*, for the claimant.

*C. W. Akstens*, for the insurer.

WILKINS, J. This workmen's compensation case arises out of the injury and death of the employee, Paul Webb, aged fourteen. His father, George M. Webb, claimed

compensation as a dependent. G. L. (Ter. Ed.) c. 152, § 32 (e). The single member found that the injury and death arose out of and in the course of the employment. The reviewing board reversed the decision of the single member, and denied the claim for compensation. The claimant appealed from a decree of the Superior Court reciting that "the findings and decision of the reviewing board be and hereby are affirmed." The decree is erroneous in form. *Johnson's Case*, 242 Mass. 489, 493–494. *Di Giovanni's Case*, 255 Mass. 241, 242.

The decision of the reviewing board superseded that of the single member. *Ricci's Case*, 294 Mass. 67, 68, and cases cited. It must be accepted as final if supported by evidence and not tainted by error of law. *Sawyer's Case*, 315 Mass. 75, 76. *Flaherty's Case*, 316 Mass. 719, 722. *Roney's Case*, 316 Mass. 732, 734. The reviewing board's conclusion was amply warranted by the evidence and disclosed no error of law. The deceased was a messenger for the insured whose branch office was a front room on the third floor of a building at 184 Boylston Street, Boston. It was his first day of work. He did some errands in the morning, but was given no duties in the afternoon, merely being around the office under the supervision of the office manager. About 4 P.M. he was missed, and was soon found fatally injured on the sidewalk. The "employee left the office in the front of the building where he was employed, passed through a fire escape exit onto the fire escape in the rear of the building, descended to the second floor level, then ascended the fire escape to the roof and crossed the latter to the front of the building facing on Boylston Street, and from that point in some manner fell to his death on the sidewalk below." The reviewing board found that "the use of the fire escape and the roof by the employee were not incidents or hazards contemplated by his employment as a messenger boy." See *Horton's Case*, 275 Mass. 572; *Wozniak's Case*, 299 Mass. 471. The evidence, which included a conversation between the employee's mother and a representative of the insured, in which the mother stated that her son had never been in Boston alone and knew

nothing about the city, and the representative replied that he would have someone "steer" the boy around for a while and that he would be all right, did not require different findings or conclusion by the reviewing board.

The decree is modified by striking out the affirmance of the findings and decision of the reviewing board and· by dismissing the claim, and as so modified it is affirmed.

*So ordered.*