## RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

JACK GABRIEL'S CASE. November 14, 1949. Decree affirmed. The employee, who has been paid compensation for injuries arising out of and in the course of his employment, seeks double compensation, contending that he was injured by reason of the serious and wilful misconduct of the employer. G. L. (Ter. Ed.) c. 152, § 28, as appearing in St. 1943, c. 529, § 9. The reviewing board found against the contention of the employee, who appealed from a decree of the Superior Court dismissing his claim. The decision of the reviewing board must be accepted as final if supported by evidence and not tainted by error of law. *Webb's Case*, 318 Mass. 357, 358. The injury was caused by a plug blowing out of the end of a gas pipe in which compressed air was applied during a test. The employee had the task of holding in position against the plug an iron bar which was driven into the ground. The reviewing board found that it could not determine what caused the plug to blow out, although it stated that there was testimony tending to show that the blowout could have been caused by the failure of the employee to keep the bar in a proper position. The further finding that, whatever the cause, it was not the serious and wilful misconduct of anyone engaged at or supervising the testing was warranted by the evidence.

*M. H. Kramer*, for the claimant.

*E. C. Uehlein*, for the employer.

LOUIS NOTT *vs.* BESSIE NOTT. November 30, 1949. Decree affirmed. This petition in equity by a husband against his wife seeks an order awarding him ownership of a joint savings bank account and requiring the respondent to deliver to him certain United States government savings bonds. The evidence is not reported, and the only findings are recitals in the decree, from which the respondent appealed. These recitals are that the petitioner contributed two fifths and the respondent three fifths to the savings account, the balance of which is $6,489.11; and that the respondent has in her possession a certain savings bond in the names of both to which each contributed equally, and certain other savings bonds in the name of the petitioner purchased by him. The decree ordered that the parties execute and deliver to each other necessary instruments to enable the petitioner and the respondent respectively to withdraw $2,595.64 and $3,893.47 from the savings account; that the respondent either pay to the petitioner one half of the value of the savings bond in their joint names or surrender the bond and pay one half of the proceeds to the petitioner; and that the respondent deliver to the petitioner all savings bonds in his name now held by her. The order of the decree was not precluded by the factual recitals in it. *Swenson* v. *Swenson*, 320 Mass. 105. There was no error.

*J. S. Seligman*, for the respondent, submitted a brief.

No argument nor brief for the petitioner.