## DENNIS FOLEY'S CASE.

Hampden.   May 8, 1962. — June 1, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Appeal, Report, Costs.

Under G. L. c. 152, § 11, as amended through St. 1957, c. 693, § 2, an appeal in a workmen's compensation case from a decree of the Superior Court based upon a decision of a reviewing board and also ordering payment of a fee to the employee's counsel for his appearance before the court, by a self insurer which had not presented certified copies of the board's decision to the court "within ten days after the notice of the filing thereof" by the board, did not lie from so much of the decree as related to the decision of the board, but did lie from so much of. the decree as related to payment of the counsel fee. [457–458, 459]

A report by the Superior Court of questions of law raised in a workmen's compensation case by a decree based upon a decision of a reviewing board does not lie under G. L. c. 152, § 11, as amended through St. 1957, c. 693, § 2, unless certified copies of the decision of the board have been presented to the court "within ten days after the notice of the filing thereof" by the board. [458]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *DeSaulnier, J.*

*Thomas L. Goggin* for the self insurer.

*Edward L. Donnellan* for the employee.

WILKINS, C.J. The basic issue is the extent to which this workmen's compensation case is properly here. On August 29, 1960, a single member of the Industrial Accident Board entered a decision that the employee was partially disabled and ordered the payment of compensation. G. L. c. 152, § 35, as amended. On November 9, 1960, the reviewing board affirmed and adopted the findings and decision of the single member, and awarded costs of review, including a counsel fee, against the self insurer. On December 28, 1960, the employee filed in the Superior Court a certified copy of the proceedings before the Industrial Accident Board. On February 27, 1961, a decree was entered in the Superior Court substantially in accordance with the decision of the reviewing board and also ordered the payment of an additional fee to the employee's counsel "for his appearance before the Superior Court." On March 14, 1961, the self insurer appealed from this decree and filed a motion that the Superior Court "report to the Supreme Judicial Court for determination the questions of law raised by the decree of the Superior Court, as provided by G. L. c. 152, § 11, as amended by St. 1949, c. 61." This motion was allowed on March 22, 1961.

The portion of § 11 (as now amended through St. 1957, c. 693, § 2) upon which the self insurer relies was added by St. 1949, c. 61, and reads, "In the event of a decree of the superior court . . . the court may, on motion of either party, by a brief statement of facts agreeable to the parties,

report questions of law raised by the decree to the supreme judicial court for determination.'' Compare *Pierce's Case,* 325 Mass. 649, 651–653. This must be read in connection with a previous part of § 11 which reads: ''Any party in interest may present certified copies of an order or decision of the reviewing board . . . to the superior court . . . . The court shall thereupon render a decree in accordance therewith and notify the parties. . . . [T]here shall be no appeal from a decree based upon an order or decision of the reviewing board which has not been presented to the court within ten days after the notice of the filing thereof by said board.'' This provision first appeared (and in substantially the same form) in St. 1912, c. 571, § 14.

The record does not disclose when the self insurer received notice from the reviewing board of the decision of November 9, 1960. As there is no contrary contention, we must accept the fact that the self insurer did receive such a notice in due course. It follows that the self insurer never complied with the ten-day provision for presenting copies to the Superior Court, and under the language of § 11 cannot appeal to this court from so much of the decree of the Superior Court as related to the decision of the reviewing board. *Sciola's Case,* 236 Mass. 407, 411–412. *Chisholm's Case,* 238 Mass. 412, 417–418. *Virta's Case,* 287 Mass. 602, 606. See *Batchon's Case,* 333 Mass. 605, 606. This is not a petition for leave to appeal late. G. L. c. 214, § 28 (as amended through St. 1960, c. 207, § 2). See *Liberty Mut. Ins. Co., petitioner,* 298 Mass. 75. The provision for report by the Superior Court of questions of law based upon a brief statement of facts created an alternative simplified procedure on an abbreviated record. Compare Rule 4 of the Rules for the Regulation of Practice before the Full Court (1952). 328 Mass. 695. The provision does not create a new power in the Superior Court at any indefinite future time to make such a report in a case where there was no presentation to it of certified copies of the decision of the reviewing board within ten days of notice of the filing. Absent compliance with the ten day provision, no such report may be made.

The self insurer is not foreclosed from an appeal from the order of the Superior Court for an additional counsel fee. See *Green's Case,* 330 Mass. 63, 64–67. The merits of this question are not now argued, and the question is waived.

The decree of the Superior Court as to an additional counsel fee is affirmed. The appeal from that decree is otherwise dismissed. The report is not properly before this court and is dismissed. Costs and reasonable expenses under G. L. c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice.

*So ordered.*