FRED E. RITCHIE'S CASE.

Suffolk.    December 9, 1966. — December 30, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Workmen's Compensation Act*, Findings by Industrial Accident Board, Jurisdiction of Superior Court.

In a workmen's compensation case in which the decision of the reviewing board was supported by evidence and not tainted by error of law, the Superior Court had no authority to adopt and base its decree upon findings of the single member at variance with those of the reviewing board.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Good,* J.

*Thomas A. L'Esperance, Jr.,* for the insurer.

*Stephen A. Hopkins* for the claimant.

WILKINS, C.J.   The insurer appeals from a decree of the Superior Court awarding compensation.   The reviewing board denied the employee's claim.   The board's findings, which are at variance with those of the single member, are these.   The claimant, approximately eighty-three years of age, was president and treasurer of the insured corporation, a manufacturer of gutters, pipes, and spouts.   On January 28, 1964, between 9 and 9:30 A.M. he came into the office as usual and walked in the direction of the bookkeeper's desk.   When he was about three or four feet from the desk, still wearing his hat and overcoat, he bent forward reaching his right hand toward the floor to pat a cat and stumbled.   A clerk prevented his falling or hitting anything.   It was then discovered that he had sustained a fracture of the left humerus.   The board found that the claimant was an employee, but that the incident of January 28, 1964, was not a personal injury within the meaning of the Workmen's Compensation Act.   In other words it was not "a personal injury arising out of and in the course of his employment."   G. L. c. 152, § 26 (as amended through St. 1955, c. 174, § 5).

The decision of the reviewing board superseded that of the single member and must be accepted as final if supported by evidence and not tainted by error of law. *Webb's Case,* 318 Mass. 357, 358.   It was so supported and was free from taint of error of law.   The brief of the employee's executor follows the findings of the single member who ignored the presence of the cat.   The Superior Court had no authority to review the finding of the board and to adopt that of the single member in preference to it.   *DiGiovanni's Case,* 255 Mass. 241, 242.

*Decree reversed.*
*Decree to be entered in*
*favor of the insurer.*