RUTH J. McGILVRAY'S CASE.

Essex. February 7, 1969. — March 7, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board,
    Jurisdiction of Superior Court, Incapacity. *Proximate Cause.*

Upon certification to the Superior Court of a decision by the reviewing
    board in a workmen's compensation case reversing the findings and
    decision of the single member and making its own findings, which were
    warranted by the evidence, the court had no authority to enter a
    decree based on the findings of the single member; its only function
    under G. L. c. 152, § 11, was to determine as matter of law what
    decree should be entered upon the decision of the reviewing board.
    [448]
Testimony by physicians in a workmen's compensation case warranted a
    finding made by the reviewing board that incapacity of the employee
    from a date more than two years after she sustained an injury arising
    out of and in the course of her employment when she struck her left
    elbow on a steel edging of her work table was "due to rheumatoid
    arthritis which was neither caused nor aggravated by the injury,"
    even if the arthritis first manifested itself in the left elbow at the time
    of injury, and the employee was not entitled to compensation for such
    incapacity. [448]

CERTIFICATION to the Superior Court of a decision of the
Industrial Accident Board under the Workmen's Compen-
sation Act.

The case was heard by *Mitchell,* J.

*Norman P. Beane, Jr.,* for the self-insurer.

*Jason S. Cohen* for the employee.

WHITTEMORE, J. This is an appeal by the self-insurer
from a decree in the Superior Court finding that the em-
ployee was totally incapacitated and awarding statutory
compensation therefor for the period after June 7, 1963.
The case came before the Superior Court pursuant to the
employee's certification of the decision of the reviewing board
under G. L. c. 152, § 11. The reviewing board had reversed
the finding and decision of the single member in favor of the

employee and had made its own findings. The board's con-
clusion was that "on March 6, 1961, the employee sustained
an injury arising out of and in the course of her employment
when she struck her left elbow on the steel edging of her
work table . . . [but that, adopting] the opinions of . . .
[three physicians,] the incapacity of the employee from
June 7, 1963, to date is due to rheumatoid arthritis which
was neither caused nor aggravated by the injury of March 6,
1961." The board also found that that injury had "cleared
up by March 30, 1961."

There is no statutory basis for the Superior Court decree
which in effect reinstated the findings of the single member.
The court's function under § 11 is to determine as matter of
law what decree should be entered upon the decision and it
may not adopt the findings of the single member in preference
to those of the board. *Ritchie's Case*, 351 Mass. 495, 496,
and cases cited. The general findings of the board are to
be sustained unless different findings are required as matter
of law. *Webb's Case*, 318 Mass. 357, 358. *Morris's Case*,
354 Mass. 420, 424.

There was testimony from the three physicians warranting
the board's conclusion of absence of causal connection and
the decree should have been in accordance with the decision
of the board. The critical issue on which the board differed
from the single member was whether the 1961 injury was
the cause of the disabling rheumatoid arthritis which could
have been found to have first manifested itself in the left
elbow at the time of that injury. The single member adopted
the view of a physician, called by the employee, that trauma
can cause rheumatoid arthritis and that in this case, in the
absence of other possible cause, trauma had caused it. The
opinions of the physicians which the board adopted were
that there was no causal connection between the trauma
and the arthritis. Two of them testified that trauma cannot
cause arthritis. The employee's counsel, in appropriately
searching cross-examination, sought to elicit from the three
physicians support for the view that, nevertheless, a blow
can precipitate the first manifestation of the disease which

thereafter may take a progressively disabling course and that, except for the blow, it was possible that the disease would not have evolved from its latent and nondisabling state. Some of the answers in cross-examination can be cited in support of this view but each of the three physicians so testified as to justify the board's summary statement of their views.[1]

There was evidence to support the finding that the left elbow injury had "cleared up" by March 30, 1961. On that date a physician in the employer's clinic, who was also the employee's physician, recorded "left elbow feels fine, has full motion, no pain, discharged." This is not belied by the evidence that arthritis symptoms reappeared in the left elbow as confirmed by further entries beginning in August, 1961.

The board's finding being supported by the evidence which it specified, the only proper course open to the court was to enter a decree in accordance with the decision. The decree is reversed and the case remanded to the Superior Court for the entry of such a decree.

*So ordered.*

---

[1] Doctor William R. MacAusland, Jr., testified that the cause of rheumatoid arthritis is unknown, that an injury to a joint might precipitate the disease in that joint (as had happened here) but it would not affect the course of the disease in other parts of the body. On February 6, 1962, he wrote that he found, on examination, that the employee suffered from rheumatoid arthritis and that the history of the injury to the left elbow followed by swelling and limitation of motion indicated industrial origin of that injury but that the limitation of motion in the right elbow that had recently occurred would not be related to the industrial accident although it was related to rheumatoid arthritis. Dr. George A. Hyder testified that trauma does not cause rheumatoid arthritis and if the blow precipitated a manifestation in the left elbow it did not precipitate it in the system. It was not causally related. The course of the disease in its active state cannot be said to trace back to the blow. Trauma can aggravate or precipitate a flare-up, temporarily but not permanently. "I don't believe that a blow can cause the permanency of it." Dr. Frederick R. Radcliffe at the time of testifying was of the view that the employee's then disability was the result of the arthritis and not the result of the injury. The disease is not caused by an injury, but an acute attack may be precipitated by injury. An earlier answer ("the blow . . . was probably a precipitating factor in some underlying thing that she had, that may have occurred by itself subsequently but may not") lent support to the employee's theory of causation, but does not preclude the board's conclusion.