ANGELO DiCENSO's (dependent's) CASE.

Suffolk. May 7, 1969. — June 2, 1969.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act*, Dependency, Findings by Industrial Accident Board. *Husband and Wife*, Dependency.

A finding by the reviewing board in a workmen's compensation case that the claimant, the second wife of the employee, was wholly dependent for support upon him at the time of his death from an injury while at work within G. L. c. 152, § 32, was not warranted by evidence that at such time the claimant, who was of uncertain health and did no income producing work, lived in a foreign country in a small house owned jointly by the employee and his four children by his first wife while he was in the United States by agreement with the claimant that he would live and work here until he reached a certain age and that then he would return to live permanently with her in the foreign country, that he had returned and lived with her there on several occasions, and that he had sent her money in modest amounts and had a joint savings account with her here, and a final decree awarding the claimant total dependency compensation was reversed [110]; the evidence, however, left it in doubt as to whether the claimant was partially dependent for support upon the employee and the case was remanded to the board for further findings on partial dependency [110].

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Ford*, J.

*Philander S. Ratzkoff* for the insurer.

*Frederick C. Langone* for the claimant.

REARDON, J. The insurer appeals from a final decree of the Superior Court awarding the claimant widow total de-

pendency compensation. The reviewing board had affirmed and adopted the findings and decision of the single member awarding such compensation.

The employee died while at work as a result of a cave-in in a water filled trench. The claimant widow resides in Italy. The employee had been married to her in Italy on July 31, 1948, following the death of his first wife. The employee had four children by his first wife and lived with them in a house in Sulmona, Italy, which in company with them he inherited from her, until one by one the children and he emigrated. The employee came to the United States in 1953. The house is a small house and produces no income. The claimant widow was of uncertain health and did no income producing work. From time to time between March 21, 1958, and March 21, 1964, the employee sent money orders in modest amounts to his wife and returned to Italy on three occasions to live with her. It had been agreed that he should come to live and work in the United States with the thought that when he reached sixty-five years of age he could return to live permanently with his wife in Italy. His last visit to his wife was in December, 1964, and he came back to the United States in March, 1965, some two and a half months before his death. It was stipulated that the employee had a joint savings account with the claimant in the Charlestown Savings Bank in the amount of $9,289.91, which was closed by the administrator of the employee's estate in August, 1965, and that the widow, who was not working, was living in the house to which reference has been made. It was also stipulated that he did not desert the claimant. There was evidence of a second bank account in the name of the employee.

The insurer contends that the board's finding of total dependency is not warranted by the evidence and is tainted by error of law. General Laws c. 152, § 32 (a), establishes a conclusive presumption of total dependency for support when a wife is either living with her husband at the time of his death or, alternatively, is living apart from him for justifiable cause or because he has deserted her. Here the

separation of husband and wife was by mutual agreement and no presumption arises. *Di Clavio's Case,* 293 Mass. 259, 262–263. The burden of proving dependency in this case thus shifts to the claimant. *Roney's Case,* 316 Mass. 732, 733–734. *Cellurale's Case,* 333 Mass. 37, 39. The record in this case is not sufficient to warrant the finding that the expense of residence in the jointly owned house by the widow was being met solely by the employee. See *Derinza's Case,* 229 Mass. 435, 445–447. Furthermore, it is silent on whether on his last visit to his wife the employee had made further contributions to her support and whether the account in the Charlestown Savings Bank reflected any withdrawal activity which might provide information relative to additional contributions by the employee not disclosed in the present record. While our review of the record leads us to conclude that a finding of total dependency is unwarranted, we are not satisfied that a legitimate claim on the ground of partial dependency may not be made.

The decree is reversed, and the case is to be remanded to the Industrial Accident Board for such further proceedings as may enable it to make findings on partial dependency.

*So ordered.*