ALFRED A. PUTIS'S CASE.

Suffolk. February 4, 1970. — April 8, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Workmen's Compensation Act*, Decree, Jurisdiction of Superior Court, Findings by Industrial Accident Board.

Where a decision by the reviewing board in a workmen's compensation case was supported by the evidence and not tainted by error of law, the Superior Court had no authority to enter a decree in accordance with a different decision of the single member and should have entered a decree in accordance with the decision of the board.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding specific compensation under the Workmen's Compensation Act.

The case was heard by *Good, J.*

*Thomas A. L'Esperance, Jr.,* for the insurer.

*Pasquale J. Ventola* for the employee.

SPIEGEL, J. This is an appeal by an insurer from a final decree of the Superior Court awarding compensation to an employee in accordance with the decision of the single member of the Industrial Accident Board. The reviewing board (board), after hearing additional impartial evidence, reduced the award of $4,000 by the single member to $1,820, plus interest from May 10, 1966, to the date of payment by the insurer.

We summarize the relevant facts found by the single member. On October 26, 1956, the employee, while attempting to pour hot molten metal into a mould was splashed in the face, particularly into his left eye causing extensive burns of the cornea and lower lid. The employee "was paid total incapacity compensation at a rate of $35.00 a week . . . plus dependency compensation at the rate of $2.50 a week until February 3, 1957." Three qualified ophthalmologists examined the employee, and as a result of their opinions the single member stated, "particularly tak-

ing into consideration the opinion of . . . [one James J. Cammisa, M.D.], I find that this employee has a permanent reduction of visual acuity in his left eye to 20/70."

After the decision by the single member, the insurer filed a claim for review. Following the hearing on review, the board, under the provisions of G. L. c. 152, § 9, appointed one Benjamin Sachs, M.D., as duly qualified and impartial physician to examine the employee. The report of Dr. Sachs was duly received by the board and copies thereof were furnished to the insurer and the employee. Thereafter, the board, based on Dr. Sachs's opinion, found that "the employee's vision in his left eye as a result of his injury has been reduced to 20/40 corrected with glasses" and ordered the "insurer [to] pay to the employee compensation under section 36 (e) at the rate of $20 a week for a period of 91 weeks in the amount of $1820 . . . in a bulk sum."

The insurer contends that "the decree of the Superior Court was erroneous in form as well as in substance." We agree.

The board, acting under G. L. c. 152, § 9, is empowered "to order an examination by an impartial physician after the statutory hearing had been held." *Benham's Case,* 356 Mass. 196, 198. The report of a physician so appointed "shall be admissible as evidence in any proceeding before the division . . . provided that the employee and the insurer have seasonably been furnished with copies thereof."

We are of opinion that "[t]he decision of the reviewing board superseded that of the single member and must be accepted as final" because it is supported by evidence and not tainted by error of law. *Webb's Case,* 318 Mass. 357, 358. *Ritchie's Case,* 351 Mass. 495, 496. "The Superior Court has no authority to review the finding of the board and [to] adopt that of the single member in preference to that of the board." *Di Giovanni's Case,* 255 Mass. 241, 242. *Ritchie's Case, supra,* at 496.

The decree is reversed. A decree is to enter in the Superior Court in accordance with the decision of the board.

*So ordered.*