DENNIS J. FOLEY'S CASE.

Hampden.    October 6, 1970. — October 30, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, REARDON, & QUIRICO, JJ

*Workmen's Compensation Act*, Incapacity, Findings by Industrial Accident Board.

A finding by the reviewing board in a workmen's compensation case, that the employee was permanently and totally disabled through an accident and was entitled to compensation under G. L. c. 152, § 34A, from the date of payment of the statutory maximum under §§ 34, 35, which occurred after a finding of partial disability by a single member, was not warranted by the evidence, which showed no deterioration in the employee's condition due to the accident subsequent to the single member's finding of partial disability.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Roy*, J.

*Edward L. Donnellan* for the employee.

*Gerard L. Pellegrini* for the self-insurer.

REARDON, J. This is an appeal from a final decree of the Superior Court dismissing a claim for compensation under G. L. c. 152, § 34A, on the ground that the "employee has failed to sustain the burden of proving that he was permanently and totally disabled as claimed." The case has been before us on another issue stemming from an earlier claim for compensation under G. L. c. 152, § 35. See *Foley's Case*, 344 Mass. 456.

On July 3, 1950, the employee sustained injury to his right shoulder while working for the United States Rubber Company (self-insurer) in its Chicopee plant, as a result of which he underwent surgery to his right shoulder. He received total disability compensation from July 12, 1950, to July 12, 1954, when he returned to work with the self-insurer on a restricted job. From July 12, 1954, to December 15, 1954, he was paid partial compensation. He continued his employment with the self-insurer until October 23, 1959, when he reached the mandatory retirement age of sixty-five. In 1960, at a hearing before a single member of the Industrial Accident Board, it was determined that the employee was partially incapacitated. The record before us in *Foley's Case, supra*, contained reference by the single member in the 1960 hearing to an evaluation of the employee's rights under G. L. c. 152, § 36, in 1956 when "he was considered to have a 60% loss of use of his arm." The record of the 1960 hearing was made a part of the 1964 hearing from which this appeal arises and was incorporated by reference therein. The employee did not seek review of the 1960 determination of incapacity by the single member, and the self-insurer paid partial compensation to him until April 7, 1962, when the statutory maximum of $10,000 was reached. See G. L. c. 152, §§ 34, 35. What is before us

comes from the endeavor of the employee to seek further compensation under G. L. c. 152, § 34A. The single member, following a hearing on this claim on August 6, 1964, found total and permanent disability and ordered the self-insurer to pay the employee $30 a week retroactive to April 7, 1962. The reviewing board, with one minor change, adopted the findings and decision of the single member. The employee died shortly thereafter and a suggestion of death was duly filed by his attorney.

The findings of the reviewing board are to be accepted as final if they are supported by the evidence, including all rational inferences which could be drawn therefrom, and if not tainted by error of law. *Frennier's Case*, 318 Mass. 635, 638–639. *Amello's Case*, 320 Mass. 347, 348. *Paltsios's Case*, 329 Mass. 526, 528. *LaFlam's Case*, 355 Mass. 409. We are of opinion in this case that the decision of the reviewing board was error and that the Superior Court acted properly in dismissing the claim. Our review of the transcript of the testimony at the 1964 hearing leads us to conclude that it does not support the single member's finding that the employee is "totally disabled within the intent and meaning of § 34A of the Act." Since the employee had been found in 1960 to be only partially incapacitated the burden in the 1964 proceedings was upon him to prove he was now totally incapacitated as a result of his accident. *Davis's Case*, 304 Mass. 530, 534. *Hummer's Case*, 317 Mass. 617, 622. We find no evidence to indicate any change in the employee's condition from 1960 to 1964 not due to advancing age. On the contrary, the evidence was that there had in fact been no deterioration in his condition due to the accident. He himself testified that he ceased work simply because he had retired and that the condition of his shoulder at the time of the hearing was as it had been in 1954 when he went back to work. A doctor testifying for the employee admitted that any lessened ability to work on his part since 1959 would be due to advanced age rather than injury. A second doctor who had treated the employee for many years since the accident testified for the self-insurer that the

employee had the capacity to carry out the same jobs at the time of the hearing as those he had held from 1954 to 1959, and that the function of his arm from the time he went back to work and thereafter was unchanged. These were the only witnesses at the hearing.

The decision of the single member states erroneously that the self-insurer's doctor "was of the opinion that the employee was totally disabled." The doctor did not so testify. His testimony was rather to the effect that the employee could do any work on the open labor market which did not require overhead use of his right arm. Even the doctor testifying for the employee would state only that "[i]n industry, heavy industry in particular, this man's *right arm* is totally disabled" (emphasis supplied). He then went on to state under cross-examination that the employee was not totally disabled for any work in the open labor market.

*Decree affirmed.*