COMMONWEALTH *vs.* MITCHELL R. MOSS. February 25, 1975. There was no error in the denial of the defendant's motion to suppress the evidence of the revolver which was found in his pocket during a pat-down and which led to his conviction of unlawfully carrying the same on his person. The judge who heard the motion was justified in concluding, on the basis of the surrounding circumstances as disclosed in the evidence, that the pat-down was permissible. *Terry* v. *Ohio,* 392 U. S. 1, 27-31 (1968). *Adams* v. *Williams,* 407 U. S. 143, 146-149 (1972). *Commonwealth* v. *Ballou,* 350 Mass. 751, 755-756 (1966), cert. den. 385 U. S. 1031 (1967). *Commonwealth* v. *Hawkes,* 362 Mass. 786, 788-789 (1973). *Commonwealth* v. *Anderson,* 366 Mass. 394, 398-401 (1974).

*Judgment affirmed.*

*Stephen Hrones* for the defendant.
*Richard A. Hannaway,* Assistant District Attorney, for the Commonwealth.

OSCAR DESA'S CASE. February 27, 1975. The employee was injured in 1964 and received total incapacity compensation from August 5, 1964, until June 15, 1965, and partial incapacity compensation thereafter until the statutory maximum was reached on April 1, 1971. His present claim for total and permanent incapacity compensation, which is based on the same injury and which is not supported by any substantial evidence of a change of condition since the earlier determination of partial incapacity (see *Foley's Case,* 358 Mass. 230, 232-233 [1970], and *McEwen's Case,* 2 Mass. App. Ct. 63, 66-68 [1974]), was rejected by the single member and the reviewing board on the ground that the employee "failed to sustain the burden of proving" that his disability is total. We interpret the stated ground as an assertion that the single member and the reviewing board were not persuaded that the disability is total. See *Di Clavio's Case,* 293 Mass. 259, 262-263 (1936). The decree of the Superior Court dismissing the claim for compensation was correct, because the burden of proof was on the employee, and the evidence reported did not require a finding in his favor. *Roney's Case,* 316 Mass. 732, 733-734 (1944). *Schena's Case,* 329 Mass. 767 (1952). *Pinto's Case,* 339 Mass. 776 (1959). See Locke, Workmen's Compensation, § 502 (1968).

*Decree affirmed.*

The case was submitted on briefs.
*John F. O'Donaghue* for the employee.
*Louis P. Massaro, Jr.,* for the insurer.