PAUL D. FOGERTY'S CASE. April 23, 1975. An employee appeals from a final decree of the Superior Court dismissing his claim for compensation based upon total incapacity. The decision of the single member of the Industrial Accident Board denied and dismissed the employee's claim. The reviewing board also denied and dismissed the claim and adopted the findings and decision of the single member. The employee contends that the board erred in ignoring undisputed medical testimony that the employee's incapacity was due to a fall from a truck in the course of his employment and in determining instead, without foundation, that the employee's incapacity was due to circulatory ailments which were not the result of the fall. It is established that "this court must sustain the findings of the board of review and they are

final unless they are wholly lacking in evidential support or tainted by error of law, and this is true even if different findings could have been made by the board." *Hachadourian's Case,* 340 Mass. 81, 85 (1959). *Chapman's Case,* 321 Mass. 705, 707 (1947). *Sutherland's Case,* 2 Mass. App. Ct. 58, 59 (1974). Since the board affirmed and adopted the decision of the single member, we look to his decision to determine whether the action of the board was correct. *Haley's Case,* 356 Mass. 678, 679-680 (1970). *Sutherland's Case, supra,* at 59. The single member found that "on July 11, 1969, this employee received a personal injury arising out of and in the course of his employment . . . [and] resulting in a back and neck strain." He also found that "the employee's incapacity after July 11, 1969, was caused by bradycardia and extrasystoles which were not the result of his personal injury on July 11, 1969." He further found that the employee had not sustained his burden of proving the allegations in his claim. Our review of the single member's findings leads us to conclude that they were warranted. There was conflicting medical evidence with respect to the employee's ability to work and the nature and extent of his back injury. Although the employee's claim attributed dizziness and blackouts after July 11, 1969, to his fall from the truck, there was medical testimony that these symptoms were caused by circulatory ailments unrelated to the fall. The evidence supported the single member's conclusion that the employee had failed to sustain his burden of proving total incapacity. *Zeigale's Case,* 325 Mass. 128, 129-130 (1949). *Laponius's Case,* 348 Mass. 773 (1964). Compare *Shirley's Case,* 355 Mass. 308, 309-311 (1969). Furthermore, our reading of the single member's findings and decision does not reveal that he attributed the employee's back injury to his circulatory ailments.

*Decree affirmed.*

*George R. Halsey* (*Marshall Krasnow* with him) for the employee.

*Richard L. Neumeier* (*Philander S. Ratzkoff* with him) for the insurer.