RALPH McEWEN'S CASE.

Suffolk.   January 6, 1976. — March 4, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Workmen's Compensation Act,* Incapacity, Findings by Industrial
   Accident Board.

A finding by the Industrial Accident Board in a workmen's compen-
   sation case that an employee was permanently and totally disabled
   within the meaning of § 34A of G. L. c. 152, the Workmen's
   Compensation Act, was not precluded by the fact that the board
   had dismissed the employee's claim for disability benefits two years
   earlier and was warranted by evidence that his condition had
   worsened between the date of the prior evidentiary hearing and
   the date on which evidence was heard in the present case [852-
   854]; it was the function of the board to weigh the evidence and it
   was not for the reviewing court to reexamine the evidence so as to
   determine whether it was substantial or credible [854-855].

CERTIFICATION to the Superior Court of a decision by
the Industrial Accident Board under the Workmen's
Compensation Act.

The case was heard by *Abrams,* J.

After review by the Appeals Court, the Supreme
Judicial Court granted leave to obtain further appellate
review.

*Joseph K. Kelley* for the employee.

*Timothy H. Donohue* for the insurer.

HENNESSEY, C.J.   The issue before us is whether the
evidence warrants a finding by the Industrial Accident
Board (board) of total and permanent disability within
the meaning of § 34A of the Workmen's Compensation
Act (G. L. c. 152).   A single member of the board made
findings and rendered a decision on May 30, 1972, which
in turn were affirmed and adopted by a reviewing board,

ordering the insurer to pay the employee total and permanent incapacity compensation dating from April 17, 1970, in accordance with G. L. c. 152, §§ 34A and 35A. On December 27, 1972, the Superior Court judge entered a judgment in favor of the employee. The insurer appealed and in a decision of the Appeals Court, *McEwen's Case*, 2 Mass. App. Ct. 63 (1974), the Superior Court judgment was reversed and compensation for the period beginning April 17, 1970, was denied. The case is now before this court after allowance of the employee's application for leave to obtain further appellate review pursuant to G. L. c. 211A, § 11, inserted by St. 1972, c. 740, § 1.

The pertinent facts are as follows. On March 24, 1961, the employee injured his right hand while working as a mechanic. He received total disability benefits as a result of this injury from March 25, 1961, to May 26, 1961. He returned to work for a short period during the end of May, 1961, but since that time he has not been employed. Although cured of the physical effects of his injury, the employee has been unable to work due to a condition diagnosed as a "psychoneurosis — anxiety reaction." His symptoms include "lightheadedness, dizziness and weakness of his legs" as well as nervousness and tenseness. This condition, often referred to as anxiety neurosis, is directly attributable to the injury he sustained on his job.

Pursuant to a hearing held on July 12, 1963, a single member of the board found that the employee was totally disabled and ordered the payment of benefits from February 11, 1962, to September 29, 1965, and continuing. At a subsequent hearing on September 24, 1965, a single member ordered that compensation benefits be terminated on the basis of his finding that the employee was no longer disabled. On appeal, a reviewing board modified this decision and found that the employee was entitled to partial incapacity compensation. In September, 1968, the statutory limit on total and partial

incapacity compensation was reached, see G. L. c. 152, §§ 34, 35, and accordingly, the payments ceased.[1]

Following a hearing which ended on April 17, 1970, a single member, finding that the employee had failed to sustain the burden of proving that he was permanently and totally disabled as required by § 34A, denied and dismissed his claim. A reviewing board affirmed and adopted the findings and the decision of the single member. Both the single member and the board reserved the employee's rights for compensation from April 17, 1970.

The employee, rather than appealing from the above decision, filed another claim for disability benefits under § 34A, dating from April 17, 1970. The matter proceeded to a hearing. The correctness of the single member's decision, dated May 30, 1972, awarding total and permanent incapacity compensation to the employee, is now at issue before us. See *Haley's Case*, 356 Mass. 678, 679-680 (1970). We are of the opinion that the evidence supports the finding that the employee is permanently and totally disabled, and thus we affirm the Superior Court judgment.

It is well settled that the decision of the board is "to be accepted as final if . . . supported by the evidence, including all rational inferences which could be drawn therefrom, and if not tainted by error of law." *Foley's Case*, 358 Mass. 230, 232 (1970). See *Frennier's Case*, 318 Mass. 635, 638-639 (1945). "It is the exclusive function of the board to consider and weigh the evidence and to ascertain and settle the facts. Any contention that the board ought to have made contrary findings is unavailing if the findings made are not without sufficient evidentiary support." *Chapman's Case*, 321 Mass. 705, 707 (1947).

---

[1] We emphasize here that the matter presently before us involves total and *permanent* incapacity under G. L. c. 152, § 34A.

Measured against these standards, we cannot say that the board's decision is wrong as matter of law, but rather we conclude that there was evidence on which the board could properly decide that the employee had sustained the burden, as required by *Foley's Case, supra* at 232, of proving that his condition had changed between April 17, 1970, the date of the prior evidentiary hearing where he was found not to be permanently and totally disabled, and May 18, 1972, the date on which evidence was heard in the present case.

The employee testified that his condition "Maybe just slightly worse at times" and that his symptoms, although the same as in 1968, were making him "feel worse, more nervous." Dr. Rizzo's testimony also supported the conclusion that the employee's condition had deteriorated. He indicated that the employee's feelings were similar to those following the accident, "only made worse because it is now eleven years later" and that his condition had gotten "progressively worse; eleven years have elapsed. That makes a big difference." Further, he stated there was a "hint" of a worsening condition in the last two or three years based on the employee's "discouragement, low morale and feelings of not being much good."

It is the function of the board to weigh this evidence and it is not for the reviewing court to reexamine the evidence so as to determine whether it is substantial or credible. Nor is it material that a reviewing judge trying the issue afresh might make a different finding, for it is not within his prerogative to substitute his judgment for that of the board. Accordingly, we conclude, contrary to the result reached by the Appeals Court, that the Superior Court judge was correct in ordering a judgment in favor of the employee. The fact that Dr. Rizzo may have incorrectly cited or misinterpreted in his letter to the employee's counsel the findings of other psychiatrists does not alter our conclusion, for this is a matter which goes to the weight to be given to his testimony, a determina-

tion made only by the board. In addition, the fact that the board had found the employee ineligible for benefits in a prior proceeding does not preclude a finding of total and permanent disability at a later date if the board finds the evidence of a progressively worsening condition to be more compelling than the evidence presented in the past.

The insurer also argues that psychoneurosis or anxiety reaction, such as was diagnosed in the present case, cannot be the basis for a claim under G. L. c. 152, § 34A. This argument is without merit, for we have long since recognized that mental and nervous disorders resulting from physical trauma are compensable under the Workmen's Compensation Act. See *Hunnewell's Case*, 220 Mass. 351 (1915); L. Locke, Workmen's Compensation § 196, at 234 n.79 (1968), and cases cited therein.

The judgment entered by the judge of the Superior Court is affirmed.

*So ordered.*