ANGELO DiCENSO's (dependent's) CASE. March 29, 1977. An earlier decision of the Supreme Judicial Court involving these parties (*DiCenso's Case,* 356 Mass. 108 [1969]) held that the evidence did not warrant a finding that the claimant had been totally dependent on her deceased husband. The case was then remanded for a determination as to whether there existed "a legitimate claim on the ground of partial dependency." *Id.* at 110. The single member dismissed the widow's claim for partial dependency and the reviewing board affirmed that decision. The Superior Court upheld the dismissal of the claim. The board's "ruling" that the claimant had failed to sustain the burden of proving that she was partially dependent on the deceased is a finding of fact by the board rather than a ruling of law. *Roney's Case,* 316 Mass. 732, 733-734 (1944). Locke, Workmen's Compensation § 391 (1968). As such, the decision must be sustained unless "wholly lacking in evidential support...." *Hachadourian's Case,* 340 Mass. 81, 85 (1959). The single member stated that he disbelieved the son-in-law's testimony as to the amount of money supposedly sent by the deceased to the claimant each month, and he could also have disbelieved the testimony as to how much the deceased contributed to the claimant's support when he visited her in Italy. See *Rubino's Case,* 328 Mass. 129, 131 (1951). The Superior Court judgment dismissing the claim

was correct, as the burden of proof was on the claimant, and the evidence reported did not require a finding in her favor. *DeSa's Case,* 3 Mass. App. Ct. 711 (1975), and cases cited.

*Judgment affirmed.*

*Frederick C. Langone* for the claimant.
*Richard L. Neumeier* for the insurer.