OLIVE AUDETTE'S CASE. October 4, 1977. On September 12, 1968, Olive
Audette was employed by Rodney Metals and Teledyne Co. (the first
employer) insured by Liberty Mutual Insurance Company (Liberty
Mutual) when a metal rod penetrated three-quarters of the way
through the palm of her right hand injuring nerves and ligaments.
Liberty Mutual paid total disability compensation, dependency bene-
fits, and medical bills until September 4, 1969. On September 15, 1969,
Mrs. Audette took a job with Cornell Dubilier Electric Corporation
(the second employer) which was insured by American Motorists In-
surance Company (American). She worked there until September 9,
1970, and claims total disability compensation (and dependency bene-
fits) to the date of the hearing and continuing. The reviewing board
awarded Mrs. Audette such compensation, to be paid by Liberty Mu-
tual from September 5 to September 15, 1969, but by American from
September 15, 1970, and continuing.[1] The basis of the award against
American was the single member's finding that it was the opinion of
Dr. Flynn (under whose care Mrs. Audette had been since September,
1971) and (as the single member states) "the employee *aggravated*
her original condition when she worked as a machine operator at the
Cornell Dubilier Company from September 15, 1969 to September 9,
1970" (emphasis in original). A Superior Court judge, on appeal by
American, ruled that "no aggravation of the existing condition oc-
curred while employed by the second [employer]" and ordered (among
other things) that Liberty Mutual, rather than American, pay the
compensation from September 15, 1970. Liberty Mutual appealed to
this court; we affirm the judgment of the Superior Court.

It is, of course, well settled that "[i]t was for the single member
and the reviewing board and not for the court to be concerned with

---

[1] No finding was made as to partial disability from September 15,
1969, to September 9, 1970, while she was working, and the employee's
rights in this respect were reserved.

contradictions and confusion in the ... testimony ...." *Ogonowsky's Case*, 338 Mass. 468, 472 (1959). See *Josi's Case*, 324 Mass. 415, 418-419 (1949). See also *McEwen's Case*, 369 Mass. 851 (1976). But we are constrained to hold that the board's decision cannot stand because there has been an obvious misconstruction of Dr. Flynn's testimony. *Hachadourian's Case*, 340 Mass. 81, 86 (1959). *Foley's Case*, 358 Mass. 230, 233 (1970). Dr. Flynn testified against the background of the testimony given by Mrs. Audette, who stated that while she worked for the second employer she had constant pain and there was no change in the pain. Dr. Flynn testified that this was consistent with the history he had received from her. He testified that he could not estimate the loss of function that existed in the hand while she worked for the second employer and that he had no opinion as to whether the work at the second employer would have aggravated the initial injury. He also pointed out that Mrs. Audette had told him that she had used the thumb and two other fingers and that "the tenderness was in the palm and that she didn't use that." (She testified that she had no pain in the three fingers she was using on the job; the pain was in the palm and the other two fingers.) It is true that Dr. Flynn's testimony in connection with Mrs. Audette's disability at the time of the hearing was that the use of her hand would aggravate her condition. But this had no reference to the specific job which she had done for the second employer and which did not involve the use of the injured palm or either of the two injured fingers.

*Judgment affirmed.*

The case was submitted on briefs.
*Francis F. Foley* for Liberty Mutual Insurance Company.
*James J. Collins* for American Motorists Insurance Company.