CHARLES E. SEYMOUR'S CASE. October 24, 1978. 1. The insurer is correct in contending that the judgment, which was entered by a District Court judge sitting by designation in the Superior Court, whereby the findings and decision of the reviewing board were "[r]eversed" and the case "recommitted" to the reviewing board for the entry of a decision "pursuant" to that of the single member, was not in proper form. *Johnson's Case*, 242 Mass. 489, 493-495 (1922). *Webb's Case*, 318 Mass. 357, 358-359 (1945). Indeed, the language of recommittal employed by the judge suggests that it might not be a final judgment at all, but merely an interlocutory order, not appealable as of right. See *Pereira's Case*, 313 Mass. 774, 775 (1943); *Batchon's Case*, 333 Mass. 605, 606 (1956); Locke, Workmen's Compensation § 585 (1968). See also *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.*, 367 Mass. 464, 468-470 (1975). However, we conclude that the judge did dispose of the case fully and finally, and that the appeal is therefore a viable one. Compare *Seelig's Case*, 280 Mass. 466 (1932). 2. We also

agree with the insurer that the judge was without power to revise the
findings of the reviewing board, either by adding findings of his own
(*Lazarz's Case*, 293 Mass. 538, 540 [1936]; *Willand's Case*, 321 Mass.
677, 678 [1947]; *Lovely's Case*, 336 Mass. 512, 516 [1957]; *Canavan's
Case*, 364 Mass. 762, 766-767 [1974]) or by adopting, as he did, the
decision of the single member in preference to that of the reviewing
board (*Putis's Case*, 357 Mass. 220, 221 [1970], and cases cited). See
Locke, Workmen's Compensation § 541, at 666 & § 583, at 690-691
(1968). The board's decision entirely superseded that of the single
member. *Brigham's Case*, 348 Mass. 140, 141 (1964). *Ritchie's Case*, 351
Mass. 495, 496 (1966). *Putis's Case, supra.* The single member's find-
ings "thereafter became of no importance" (*Ricci's Case*, 294 Mass. 67,
68 [1936], and cases cited; contrast *Nowak's Case*, 2 Mass. App. Ct. 498,
499 [1974]), and the board's findings were final to the extent that they
were supported by the evidence, including all rational inferences
which could be drawn therefrom, and not tainted by error of law
(*Chapman's Case*, 321 Mass. 705, 707 [1947]; *Brigham's Case, supra*,
and cases cited; *Putis's Case, supra*, and cases cited; *Foley's Case*, 358
Mass. 230, 232 [1970]). 3. It does not follow, however, that the judge
was required to enter a judgment in accordance with the board's
decision in the present case. On the contrary, to have entered such a
judgment would have been error, as the findings on which that deci-
sion was based consisted of little more than a few general conclusions
and failed clearly to disclose the view the board took of the facts or the
theories of law underlying its denial of compensation. The case should
therefore have been recommitted for the purpose of obtaining a re-
vised decision free of those deficiencies. *Demetrius's Case*, 304 Mass.
285, 287-288 (1939). *Roney's Case*, 316 Mass. 732, 734-739 (1944). *Whit-
aker's Case*, 354 Mass. 4, 5 (1968), and cases cited. *Canavan's Case*, 364
Mass. at 764, 766-767. *Wajda's Case, ante* 865 (1978). Such recommittal
is especially necessary where, as here, there is reason to suspect that
the paucity of subsidiary findings was occasioned by the board's mis-
taken belief that the employee's claims were barred as matter of law,
even on a view of the evidence most favorable to him. *Lovely's Case*,
336 Mass. 512 (1957). Thus, if the board denied the claim merely
because the employee continued to be paid during prior periods of
alleged incapacity (i.e. 1962-1970) by his employer (a company of
which he and his family evidently shared equal ownership and control
with another family group), the board was wrong. There was evidence
that those payments were not made by reason of any services per-
formed by him, and we do not regard the board's use of the word
"salary" with reference to those and other payments made to him
from 1960 to 1971 as a finding to the contrary. G. L. c. 152, § 38.
*Federico's Case*, 283 Mass. 430, 432-433 (1933). Locke, Workmen's
Compensation § 612, at 724. Nor did the board's implied finding that
the employee's resignation from the company and execution of the
"Non-Compete Agreement" on December 31, 1971, were "voluntary,"
in the sense that the decision to do so was his own, preclude the award
of compensation from and after that date. Voluntary termination of
his employment does not warrant the denial of an employee's claim
for partial disability compensation. *Whitehead's Case*, 312 Mass. 611,
612-613 (1942). *Bajdek's Case*, 321 Mass. 325, 329 (1947). *Cotter's Case*,
333 Mass. 28, 30-31 (1955). The evidence in the record that the em-
ployee's efficiency was impaired and that he was able to do less work
as a result of an industrial accident warrants a finding of entitlement

to partial disability compensation, and such a finding is not inconsistent with the "Non-Compete Agreement." See *Percival's Case,* 268 Mass. 50, 54 (1929). An employee is entitled to partial disability compensation where it is shown, as it is here, that his earning capacity has been diminished by an injury arising out of and in the course of his employment. *Zeigale's Case,* 325 Mass. 128, 129 (1949). 4. The judgment is reversed. The case is remanded to the Superior Court Department for the entry of an order of recommittal to the reviewing board for a new decision in accordance with the standards and principles of law set forth herein. The precise form and content of that order are left to the discretion of the judge to whom the case is assigned on remand.

*So ordered.*

*Joseph F. Fidler, Jr.,* for the insurer.
*Charles F. Nayor* for the employee.