ARTHUR FONTAINE's CASE. April 9, 1981. The employee appeals from a judgment of the Superior Court dismissing his appeal from the Industrial Accident Board's (board) decision affirming and adopting the single member's finding and conclusion that he had failed to sustain his burden of proof on the issue whether his present incapacity is causally related to his 1964 industrial accident. We affirm the judgment.

1. The employee timely presented to the Superior Court a certified copy of the board's decision from which he was appealing, G. L. c. 152, § 11. See Locke, Workmen's Compensation § 567 (1968). Compare *Foley's Case*, 344 Mass. 456, 458 (1962).

2. The employee claims that since the board recommitted the case to the single member "for the sole purpose of determining the extent of the

employee's incapacity, if any, subsequent to October 18, 1966," it had impliedly accepted the existence of a causal connection between the employee's 1964 accident and his present incapacity and that the board could not thereafter affirm and adopt the single member's finding and conclusion on the issue of a causal relation. The employee is in error because the "Order of Recommital" was not a final decision by the board, and it was thus free to revise any of its prior actions. *Matteson's Case, ante* 985 (1981).

3. The board affirmed and adopted the decision of the single member, and we look to his decision to determine the correctness of the board's action. *Fogerty's Case,* 3 Mass. App. Ct. 737, 738 (1975). Those findings, if supported by sufficient evidence and free of errors of law, must be sustained even though we might have reached a different conclusion in the first instance. *Hachadourian's Case,* 340 Mass. 81, 85 (1959). *Fogerty's Case,* 3 Mass. App. Ct. at 737-738.

The judgment of the Superior Court dismissing the employee's claim was correct, "because the burden of proof was on the employee, and the evidence reported did not require a finding in his favor." *DeSa's Case,* 3 Mass. App. Ct. 711 (1975). *Simari's Case, ante* 904 (1981). The single member's finding on the issue of causality is based upon his stated assessment of the employee's credibility, which he found to be wanting for specific reasons, and the medical expert's vague knowledge of the employee's work history since 1966. Having expressed his reasons for not accepting the expert's equivocal testimony, see Locke, *supra* § 583, the single member was justified in finding that the requisite causal connection had not been established. It appears to us that that finding is well grounded because the employee showed, at best, "only a possibility or chance of the existence of a causal connection," *Hachadourian's Case, supra,* 340 Mass. at 86, and the evidence was, therefore, insufficient. *Josi's Case,* 324 Mass. 413, 415 (1949).

*Judgment affirmed.*

*Louis Kerlinsky* for the employee.
*Alfred J. Monahan* for the insurer.