# DECISIONS

OF THE

## APPEALS COURT

OF

## MASSACHUSETTS

---

KENNETH A. SJOBERG'S CASE.

Worcester. December 16, 1983. — April 13, 1984.

Present: PERRETTA, DREBEN, & KASS, JJ.

*Workmen's Compensation Act,* Incapacity, Amount of compensation.

An employee whose earning capacity had been impaired by industrial injuries and who had been awarded workmen's compensation payments under G. L. c. 152, § 35, was not precluded from receiving such payments by reason of the fact that, as a result of his working longer hours, his post-injury weekly earnings exceeded the weekly wage he had received prior to the injury. [2-4]

CERTIFICATION to the Superior Court Department of a decision by the Industrial Accident Board.

The case was heard by *Meagher, J.*

*Arthur W. Nichols, Jr.,* for the insurer.

*Raymond H. Giguere* for the employee.

DREBEN, J. The insurer appeals from a judgment in favor of the employee affirming a decision of the Industrial Accident Board (board) which awarded the employee forty dollars a week partial compensation under G. L. c. 152, § 35, as appearing in St. 1973, c. 978, § 6. At issue is whether an employee whose earning capacity is impaired by industrial injuries is precluded, as matter of law, from obtaining benefits because, by

working more than fifty hours a week, his average post-injury earnings exceed his average pre-injury weekly wage. We hold that he is not so precluded.

On October 22, 1977, and again on June 12, 1978, the employee suffered severe back pain while performing work as a pressman and molder. The board, affirming and adopting the findings of the single member, found that, as a result of his injuries, the employee could not perform any work which made heavy physical demands on his back and that, prior to these injuries, he had had no such limitation.[1] The board also found that the various jobs held by the employee since leaving his employer each paid a significantly lower hourly wage than his former job. It was only by working more than fifty hours a week, including overtime, that the employee could match, and even slightly exceed, his former earnings. While considering the weekly wages before and after the injury "as important pieces of evidence" the single member, and the reviewing board, viewed the post-injury earnings of the employee as "not conclusive on the issue of loss of earning capacity" and awarded him forty dollars a week for such loss.

We think the board's decision comports with the statute and its purpose. The award under G. L. c. 152, § 35, is for impairment of earning capacity, *Zeigale's Case,* 325 Mass. 128, 129-130 (1949); *Seymour's Case,* 6 Mass. App. Ct. 935, 936-937 (1978), and is measured with certain upper limits not now relevant, as follows: "While the incapacity for work resulting from the injury is partial, the insurer shall pay the injured employee a weekly compensation equal to the entire difference between his average weekly wage before the injury and the average weekly wage he is able to earn thereafter . . . ."

The dollar amount actually received is not conclusive in determining the average weekly wage. In some cases this is

---

[1] Although the insurer argues that there was no medical evidence describing a disability after May 7, 1979, its claim ignores Dr. Bianchi's diagnosis of that date which described the condition as "chronic sprain." It also ignores the employee's testimony that his back still bothers him and is sore. Since the finding of partial disability is not without evidentiary support, we cannot conclude that the board's decision is wrong as matter of law. *McEwen's Case,* 369 Mass. 851, 854 (1976).

true even for pre-injury wages. Thus, in *Shaw's Case*, 247 Mass. 157, 161 (1923), the court, albeit without discussion, excluded overtime in computing the employee's average weekly wage before the injury.[2] The cases concerning post-injury earnings emphasize that compensation "is to be measured by the amount the employee was capable of earning and not necessarily by what he actually earned." *Korobchuk's Case,* 277 Mass. 534, 536 (1931). The employee is to be paid "for the loss of earnings caused by the injury" and not for a loss of earnings caused by other factors. *Ibid.* Thus, if an employee's earnings are reduced because he works less than a normal work week, he is entitled to partial compensation only if the diminution is due to his injuries and not because of a lack of demand for his labor. *Id.* at 537. See also *Durney's Case,* 222 Mass. 461, 462 (1916).

Similarly, if an employee's income is higher because of factors other than his earning capacity, the income due to these factors is not to be taken into account. In *Shaw's Case,* 247 Mass. at 160-161, it was held that even though an employee's wages were elevated to the same level as before by reason of a gratuity from his employer, the employee could still recover for his impaired earning capacity. Although he received full wages, he was not able to earn them, and the gratuity was irrelevant. See also *Sensk's Case,* 247 Mass. 232, 234 (1924) (income received from begging or charity has no bearing on earning capacity); *Federico's Case,* 283 Mass. 430, 432-433 (1933) (income from partnership results from a combination of factors of which labor, skill, and judgment constitute only one); *Seymour's Case,* 6 Mass. App. Ct. at 936-937.

Where, as here, the board found an impairment of earning capacity and a reduced per hour wage, we see no reason to deny compensation because the diminution of earning capacity is

---

[2] The statute then (St. 1911, c. 751, Pt. V, § 2), as now (G. L. c. 152, § 1), defines pre-injury "average weekly wages" as the "earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two."

concealed by the longer hours worked.[3] See Locke, Work-men's Compensation § 343, at 402 (2d ed. 1981). The statute bids comparison of pre- and post-injury weekly wages. A fair comparison is possible only if like factors are considered. "[O]nly by the elimination of all variables except the injury itself" can "a reasonably accurate estimate . . . be made of the impairment of earning capacity attributable to the injury." *Arizona Pub. Serv. Co.* v. *Industrial Commn.,* 16 Ariz. App. 274, 277 (1972).

Inflation of post-injury earnings by reason of longer working hours interjects, in our opinion, an extraneous factor. See 2A Larson, Workmen's Compensation § 57.33 (1982).[4] See also *Arizona Pub. Serv. Co.* v. *Industrial Commn.,* 16 Ariz. App. at 278. Cf. *Devlin* v. *Iron Works Creek Constr. Corp.,* 164 Pa. Super. 481, 485-486 (1949); contra, *Reeves* v. *Echota Cotton Mills,* 123 Ga. App. 649, 651 (1971). Accordingly, we hold the award for impaired earning capacity under G. L. c. 152, § 35, was not "tainted by error of law." *Haley's Case,* 356 Mass. 678, 680 (1970).

The judgment of the Superior Court must, however, be mod-ified because it awarded interest on the whole sum payable to date from November 24, 1978, "the date of the receipt of the notice of the claim by the board." G. L. c. 152, § 50, as appearing in St. 1965, c. 616. That statute provides in part: "Whenever such sums include weekly payments, interest shall be computed on each unpaid weekly payment." The matter is remanded to the Superior Court for a computation of interest

---

[3] The exhibit which was the basis for determining the employee's average weekly wage prior to his injury shows that his normal work week in the year prior to his injury was far less than fifty hours and that his most common work week was less than forty hours.

[4] Larson states (footnotes omitted), "Most obviously of all, although the wage compensation is usually on a weekly or monthly basis, it would not be fair to offset loss due to physical impairment by earnings attributable solely to claimant's having worked more hours per week. Overtime worked after the injury should be omitted from consideration if overtime was not included in the calculation of the preinjury wage basis. Similarly, if claim-ant's hourly wage has fallen, he is entitled to a partial award even if the reduction has been offset by his working longer hours."

at six percent[5] on "each unpaid weekly payment" from the time it became due. In all other respects the judgment is affirmed.

*So ordered.*

---

[5] Statute 1980, c. 322, § 3, provides that the increased interest rate provided by § 1 of that chapter shall only be applicable to injuries for which notice of claim is filed after the effective date of the act, September 17, 1980. Statute 1982, c. 183, § 4, is to similar effect.