RICHARD RUSSO's CASE. No. 97-P-2135. April 13, 1999. *Workers' Compensation Act,* Compensation, Interest. *Interest. Commonwealth,* Claim against.

The Commonwealth self-insurer appeals from a decision of a reviewing board of the Department of Industrial Accidents (the board) affirming an award to the employee of total temporary benefits, see G. L. c. 152, § 34, in the amount of $410.25 weekly for the period beginning May 27, 1993, and ending September 13, 1993, together with interest. There had been an unappealed conference order awarding the employee total temporary benefits until May 27, 1993. We reject the arguments of the Commonwealth, except as to the award of interest.

1. An unappealed conference order, as the Commonwealth concedes, "does not bar a claim for further weekly benefits for any period of disability related to the same date of injury which occurs after the date of the unappealed conference order." In this case, the employee sought benefits for the continuation of his condition until September 13, 1993. The Commonwealth argues that there was no evidence that the employee's work-related medical condition had "deteriorated," citing *McEwen's Case,* 369 Mass. 851 (1976). In *Mc-Ewen's Case,* the court held that a board finding of ineligibility for benefits in a prior period proceeding did not preclude a finding of total and permanent disability where the board found that there was evidence of a progressively worsening condition more compelling than the evidence presented in the past. *Id.* at 855. *McEwen's Case* has no bearing on the case before us.

2. As to the award of interest against the Commonwealth: "waivers of sovereign immunity must be expressed by the terms of the statute or appear by necessary implication from them. . . ." *Onofrio* v. *Department of Mental Health,* 411 Mass. 657, 659 (1992) (statute which expressly barred prejudgment interest and was silent as to postjudgment interest does not permit the recovery of postjudgment interest because the statute contained no provision permitting the award of postjudgment interest either expressly or by necessary implication). Contrary to the conclusion reached by the board, G. L. c. 152, § 70, does not, either by its express terms or by necessary implication, permit the recovery of interest on an award against the Commonwealth. The only obligation of designated officers of the Commonwealth is to pay compensation "upon proper vouchers without further authority." Interest is not "part of the 'compensation payable to an injured employee' under the statute," *Murphy's Case,* 352 Mass. 233, 235 (1967), as Administrative Law Judge Suzanne Smith, dissenting, emphasized.[1]

The decision of the board is affirmed, with the exception of the award of interest, which is reversed.

*So ordered.*

*Brian T. Mulcahy,* Special Assistant Attorney General, for the insurer & another.

---

[1]We note that in the two cases cited by the board's majority, *Dunne* v. *Boston,* 41 Mass. App. Ct. 922, 923 (1996), and *Thomas's Case,* 25 Mass. App. Ct. 964, 965 (1988), the issue was not argued to the court.